**Robert BOWDEN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–295–CR, 2–81–296–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 3, 1982.

Jake Cook, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

The appellant, Robert Bowden, contends that the trial court committed error in revoking his probation in two cases and cumulating the sentences for the offenses of which he had been convicted.

We affirm the orders of the trial court as reformed.

On August 21, 1980 the appellant pled guilty to the offenses of unauthorized use of a motor vehicle and theft. The four year sentences imposed as to each of the charges were probated. One of the conditions of appellant's probation as to both charges was that he report to the adult probation officer. Although there is no question that payment of court costs was a condition to probation on the unauthorized use of the motor vehicle charge there is a dispute as to whether payment of these court costs was a condition to probation on the theft charge. The State's petitions for revocation of the appellant's probation alleged that the appellant had violated both these conditions in regard to both charges.

At the revocation hearing the appellant pled "true" to failing to report to the adult probation officer. The details and reasons for the appellant's failure to report were fully developed during the course of the hearing. The fact was proved, admitted, and nowise in dispute. There was no plea taken nor was any evidence presented as to the allegation that appellant failed to pay court costs.

At the finish of the hearing the trial judge orally found that the appellant. had violated the terms of the probation "as set out in county (sic) two of each petition". (Count two of each petition went to the appellant's alleged failure to pay court costs.) Acknowledging that the appellant desired "shock probation" the trial judge cumulated the two four year sentences previously adjudged. In explanation of his reasons for having cumulated the sentences in view of the appellant's request for "shock probation" the trial judge stated:

"I wouldn't stack it—I'm going to stack it now because if he comes back later, I'm not sure that I'm authorized to stack it. . . . I'll consider it in ninety days. You have to have a good record in the penitentiary. . . . "

Following the hearing two orders revoking the appellant's probation were filed. As grounds for the revocation of probation the orders recited:

"The defendant failed to pay Court Cost as set out in paragraph two of the State's First Amended Petition for Revocation of Probated Sentence."

Appellant's ground of error number one is that the trial court abused its discretion in revoking appellant's probated sentences for failing to pay court costs when there was no evidence to support such finding.

The appellant is correct in his contention that there was no evidence to support a finding of failure to pay court costs. There must be evidence in support of the grounds relied upon in revoking probation. *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr. App.1974). The grounds for revocation must be charged in the State's motion to revoke. *Franks v. State*, 516 S.W.2d 185 (Tex.Cr.App.1974).

Our facts present a situation in which the ground ostensibly relied upon for revocation was charged in the motion but was unsupported by evidence. It is obvious to us that the trial judge misstated his true basis for revoking the appellant's probation. V.A.C.C.P. art. 44.24(b) (Supp. 1981) provides:

"The courts of appeals and the Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment or may enter any other appropriate order, as the law and nature of the case may require."

The appellant's failure to report to the adult probation officer was charged in the State's motion for revocation and was supported by evidence. Thus, this court has the necessary data and evidence before it

for reformation of the trial court's order. *Hancock v. State*, 491 S.W.2d 139 (Tex.Cr. App.1973). We reform the orders of the trial court so as to recite that the ground for revocation is the appellant's failure to report to his adult probation officer.

Having made this disposition as to the first ground of error we find it unnecessary to consider the appellant's second ground of error in which it is contended that the trial court erred in revoking appellant's probation in regard to the theft offense for nonpayment of court costs because that was not one of the conditions of probation.

■ As stated above, the trial judge explained his reasoning for cumulating the two sentences at the end of the hearing. It is this explanation which forms the basis of the appellant's third ground of error in which it is contended that the trial court erred in not sentencing the appellant with the certainty required by law in that the two sentences were conditionally cumulated.

We are not convinced that the trial court conditionally cumulated the appellant's sentences. He did no more than explain his reasons for cumulating the sentences at that point in time. Although the trial judge did discuss the possibility of "shock probation" this discussion was by no means of such a nature as to imply a condition to a cumulation of the sentences. The appellant was apprised, with certainty, of the length of his sentence. We overrule the third ground of error.

In his fourth ground of error the appellant urges that we extend the doctrine of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) to situations involving probation revocation. It was held in *Pearce* that if upon a new trial following a successful appeal a more severe sentence is imposed, the reasons for the more severe penalty must appear in the record. The rationale for this holding was that the fear of vindictiveness, etc., would deter a defendant's exercise of the right to appeal or collaterally attack his first conviction. Appellant would have us hold that when a court imposes a more severe sentence upon revoking a defendant's probation, the reasons for doing so must appear in the record.

■ It was held in *Gordon v. State*, 575 S.W.2d 529 (Tex.Cr.App.1978) that under V.A.C.C.P. art. 42.08 (1979) a trial judge has the power to cumulate sentences after revoking probation in a felony case. "Probation, although not granted as a matter of right (citations omitted) may not be terminated without an affirmative finding of a violation of a condition of probation." *Scamardo v. State, supra* at 297. It would appear that this affirmative finding would supply justification for imposing a more severe sentence. Nevertheless, we view an extension of *Pearce* to be unnecessary in light of the absolute discretion *normally* vested in the trial judge to cumulate sentences. *Smith v. State*, 575 S.W.2d 41 (Tex. Cr.App.1979). We overrule the fourth ground of error.

The orders of the trial court revoking the appellant's probation are affirmed as reformed.