Daniel Lee SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00241–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 3, 1990.
Rehearing Denied May 31, 1990.

Patrick Shelton, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Lester Buzzard, Deborah Hawkins, & Clint Greenwood, Asst. Dist. Attys., for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

ON MOTION FOR REHEARING

O'CONNOR, Justice.

On motion for rehearing, we grant the motion, withdraw our original opinion dated November 30, 1989, and substitute this. Appellant, Daniel Lee Smith, appeals from an order revoking his probation. We reverse.

In 1987, appellant pled guilty to the unauthorized use of a motor vehicle. According to the terms of a plea bargain agreement, the court sentenced him to seven years confinement, probated, plus a $1,000 fine. Appellant's conditions of probation required him, inter alia, to:

(a) Commit no offense;

(e) Work continuously at suitable employment and notify the probation officer within 48 hours of any change in employment status; present written

verification of employment (including all attempts to secure employment) once each month on his reporting date;

(p) Make restitution in any sum that the court shall determine: Pay $350.00 at the rate of $50.00 per month.

A few months later, the State filed a motion to revoke appellant's probation. On the first page of the motion, the State set out conditions (a), (e), and (p), verbatim. In three paragraphs, the State charged appellant violated his probation by committing an offense, by not making restitution for June, and by

[f]ailing to secure or maintain employment, to-wit; The Defendant has failed to maintain or secure employment for the months of April, 1987 and May, 1987 as ordered by the Court.

After a hearing, the court found that appellant did not commit the offense and thus did not violate condition (a). The court signed an order form with blanks. The blanks were filled in with handwriting as follows:

Paragraphs violated and grounds for revocation:

(e) Failure to secure employment

(p) failure to pay restitution

Below that, in another fill-in-the-blank section, the handwritten entry stated that appellant:

failed to secure employment and he failed to make restitution as ordered by the Court.

With this order, the court revoked appellant's probation and sentenced him to three years confinement. In his two points of error, appellant contends the court erred in revoking his probation.

■ The State must prove by a preponderance of the evidence that a probationer violated the terms and conditions of his probation. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex.Crim.App.1983). That evidence must create a reasonable belief that defendant violated a condition of probation, as the State alleged. *Id.* When the State does not meet its burden of proof, the trial court abuses its discretion by revoking pro-

bation. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984).

■ In a probation revocation hearing, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight of the testimony. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App.[Panel Op.]1980). An order revoking probation is sufficient if the State proves one violation of the probation conditions. In order to convince us to reverse, the probationer must challenge successfully all the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex.Crim.App.[Panel Op.]1978) (disproving only one ground is not enough, when revocation rests on several grounds).

I. Payment of restitution

■ In point of error two, appellant contends the court erred in revoking his probation for failure to pay the June restitution fee. He argues he could not make the payment because he was arrested before the time to pay had expired.

The State has the burden to prove that appellant intentionally failed to pay the restitution fee. *Stanfield v. State*, 718 S.W.2d 734, 738 (Tex.Crim.App.1986). When a probationer raises the defense of inability to pay, the probationer must prove the affirmative defense by a preponderance of the evidence. *Id.* at 737.

The probation order directed appellant to report on the 24th day of each month, unless he and the probation officer agreed to another date. Appellant testified his reporting date was June 30. The probation officer testified that restitution fees were payable within a month of the reporting date. Appellant testified he was in jail from June 24, 1987, until September 2, 1987. He said he telephoned the probation officer and asked her what to do about paying the fee. Appellant testified the probation officer told him to "deal with [the people at the jail]." Appellant also said the officer told him he was no longer on probation, and the court was going to deal with him.

We conclude the State did not show by a preponderance of the evidence that appel-

lant *intentionally* did not pay the fee. Additionally, there is authority that suggests a jailed probationer is excused from complying with conditions of probation, including paying fees. *Wike v. State,* 725 S.W.2d 465, 469 (Tex.App.—Houston [1st Dist.] 1987, no pet.). We sustain appellant's second point of error.

## II. Secure employment

In point of error one, appellant argues the evidence was insufficient to show that he did not *secure* employment during April and May 1987. We agree with appellant that there was no evidence to show that he did not *secure* employment, and we sustain point of error one. On motion for rehearing, the State does not challenge this holding.

## III. Maintain employment

■ In its motion for rehearing, the State contends we should correct the order revoking probation to include appellant's failure to "maintain" employment. The State points out that, at sentencing, the trial court said:

The court finds the allegations of failing to secure and *maintain* employment, failing to pay restitution, to be true. Said probation is hereby revoked.

(Emphasis added.) The State contends that even if the court's order merely stated that defendant failed to secure employment (and did not say appellant failed to maintain employment) we can reform the order to include "maintain employment" because of the oral pronouncement at sentencing.

Before we decide this issue, we must look to three documents to see how they described appellant's requirement of employment. Those documents are the terms of probation, the motion to revoke, and the judgment.

*The terms of probation*—condition (e) of his terms of probation required that appellant "work continuously at suitable employment."

*The motion to revoke*—the State charged appellant violated the terms of probation by "failing to secure or maintain employment." The State reproduced condition (e) as part of the motion to revoke.

*The written judgment*—in two different blanks, the court wrote that appellant violated condition "(e) failure to secure employment," and he failed to secure employment. The judgment said nothing about failure to maintain employment.

The State argues that TEX.R.APP.P. 80(b), permits us to correct the judgment and cites *Bowden v. State,* 627 S.W.2d 834 (Tex.App.—Fort Worth 1982, no pet.). Rule 80(b) states in part:

The court of appeals may ... (2) modify the judgment of the court below by correcting or reforming it....

In *Bowden,* the Fort Worth Court of Appeals modified the order revoking probation to conform to the motion to revoke and the evidence. In that case, the motion to revoke listed two reasons for revoking probation, one of which was that defendant was required to report to his probation officer. 627 S.W.2d at 834. Defendant pled true to that condition. The order revoking probation, however, referred to a violation of the other condition of probation as the reason for revoking probation. On appeal, the court reformed the order to recite the correct ground, citing as authority TEX.CODE CRIM.P.ANN. art. 44.24(b).[1] 627 S.W.2d at 836. Article 44.24(b) is the predecessor to rule 80(b).

We agree with the State that we have the authority to reform the judgment under rule 80(b), TEX.R.APP.P. On this record, we find that the State charged appellant with violating condition (e) of the terms of probation and the court found that he violated condition (e). The omission from the court's order that appellant did not "maintain" employment was a clerical error, subject to correction on appeal. TEX.R.APP.P. 80(b).

1. Ch. 722, sec. 1, 1965 Tex. Gen. Laws 317, 516, *repealed by* ch. 685, sec. 1, 1985 Tex.Gen.Laws 2472, 2472.

■ Because we reform the order to include a violation of the requirement to maintain employment, we must reconsider appellant's point of error as one that challenges the evidence to support that finding.

Theresa Dugas, from the Harris County Adult Probation Department, testified from appellant's probation records. When appellant was put on probation in March 1987, he was a high school student. She testified that probationers are required to report 30 days from the date they get probation. (The judgment of probation was signed on March 24, 1987). On the monthly report form, dated April 23, 1987, appellant reported that he was unemployed, and reported he "anticipated receiving an offshore job." According to the records, she said appellant did not submit written verification of employment or change of employment status for April and May 1987.

Appellant, an 18–year–old high school student, testified he had supported himself since he was 17. He said he reported to the probation officer in April, and when he reported in May, the police arrested him in the probation office before he could make a report. He admitted he had not had continuous employment, but said he had several part-time jobs in April and May, including one at a landscaping company. At the time of his arrest, he testified he was working as a welder's apprentice for Calgon, a water softener company.

The probation officer's records contained no evidence that supports the trial court's finding that appellant did not maintain employment. Those records merely show appellant was not employed his first month and did not report any employment in April and May.

The only evidence about maintaining employment came from appellant. He testified that he had not been continuously employed. He was employed at the time he was arrested and the arrest interrupted his employment. There is nothing in this record that proves that his job at Calgon was not a full-time, continuous job.

When we compare the facts in this case to the facts in *Gormany v. State*, 486 S.W.2d 324, 325 (Tex.Crim.App.1972), we are compelled to hold there is insufficient evidence to revoke appellant's probation. In *Gormany*, the Court of Criminal Appeals held the trial court abused its discretion when it revoked probation of 19–year–old probationer because the probationer had been employed four times and had a job pending when arrested. Here, appellant testified in the months of April and May he had a number of jobs and was employed when arrested.

We know of no authority that permits the State to arrest and incarcerate a defendant, causing him to lose his employment, and then claim that defendant did not maintain continuous employment.

The evidence is insufficient to support a finding that appellant did not make restitution, did not secure employment, or did not maintain employment. The trial court, therefore, abused its discretion in revoking appellant's probation.

We reverse the order revoking appellant's probation and remand the cause to the district court.