Evans-WD v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-194-CR

     WILLIAM DARRYL EVANS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 95-416-C
                                                                                                    

OPINION ON COUNSEL'S
MOTION TO WITHDRAW AS ATTORNEY OF RECORD
                                                                                                    

      To what amount of relief can a defendant be entitled and still be involved in an "Anders"
appeal? We believe that the answer is zero, i.e. if the defendant is entitled to any relief from the
appellate court he is not prosecuting a frivolous appeal. Thus, if there is an arguable basis for
requesting any relief, counsel should present that argument to the appellate court in a brief on the
merits, rather than seeking to withdraw under the Anders procedure. Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Johnson v. State, 885 S.W.2d 641, 645 (Tex.
App.—Waco 1994) (orders on Anders briefs). 
      William Darryl Evans pleaded guilty to sexual assault in exchange for a ten year sentence,
probated for ten years, and a $500 fine in October 1995. Tex. Penal Code Ann. § 22.011
(Vernon 1994 & Supp. 1996). He failed to abide by the terms and conditions of his community
supervision and the court revoked it in August 1996, imposing the originally assessed ten years'
incarceration. Although he has appealed from the revocation hearing, his appointed attorney filed
a motion to withdraw and a supporting "Anders" brief. Anders, 386 U.S. at 744, 87 S.Ct. at
1400; Johnson, 885 S.W.2d at 645-46. Counsel identifies a potential error which might entitle
Evans to reformation of the judgment but concludes that the appeal is nevertheless frivolous. We
disagree with counsel's conclusion.


 Therefore, we grant the motion to withdraw, as we must,
and abate this appeal for appointment of new counsel.
      In the brief, Evans' attorney points out that although the court orally found that the State's
allegations one thorough seven


 were true, the written judgment shows that the court found
violations one through eight true.


 Counsel "suggests" that "it may be necessary to reform the
judgment" and that "reformation may be indicated", citing Asberry v. State, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd) and Smith v. State, 790 S.W.2d 366, 368 (Tex.
App.—Houston [1st Dist.] 1990, pet. ref'd). However, he also notes that "such reformation
would not afford Appellant any relief." 
      We cannot agree that reformation of the judgment does not constitute "relief." The Rules of
Appellate Procedure specifically provide that we may "modify the judgment of the court below
by correcting or reforming it." Tex. R. App. P. 80(b). Thus, if Evans is entitled to have the
judgment reformed to match the court's oral findings, he is entitled to some "relief" from this
court. The issue then becomes whether such relief is sufficient to establish that an arguable point
may be raised in this appeal.
      In Johnson, we discussed the attorney's role in a frivolous appeal and noted that:
      Determining that an appeal is "frivolous" is not a conclusion to be reached lightly. 
As described by the United States Supreme Court, appellate counsel has the duty to
"master the trial record, thoroughly research the law, and exercise judgment in
identifying the arguments that may be advanced on appeal." McCoy[ v. Court of Appeals
of Wisconsin, Dist. 1, 486 U.S. 429, 438, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440
(1988)]. "In searching for the strongest arguments available, the attorney must be zealous
and must resolve all doubts and ambiguous legal questions in favor of his or her client." 
Id. 486 U.S. at 444, 108 S.Ct. at 1905 (emphasis added). If the only theories that the
attorney can discover after this conscientious review of the record and the law are
"arguments that cannot conceivably persuade the court," then the appeal should be
considered frivolous. Id. 486 U.S. at 436, 108 S.Ct. at 1901 (emphasis added).
Johnson, 885 S.W.2d at 645. We emphasized that "any point which is ‛arguable on [the] merits'
is, by definition, not frivolous." Id. (quoting Anders, 386 U.S. at 744, 87 S.Ct. at 1400). The
Supreme Court has also observed that the terms "wholly frivolous " and "without merit" require
a determination that "the appeal lacks any basis in law or fact." McCoy, 486 U.S. 438 n.10, 108
S.Ct. 1902 n.10. The appeal is frivolous only if "the client's interests would not be served by
proceeding with the appeal." Id. 486 U.S. at 444, 108 S.Ct. 1905. We cannot say that the
interests of a defendant who is eligible for some relief, no matter how minor, will not be served
by proceeding with an appeal. Thus, such an appeal cannot be considered "frivolous." Id.
      We have two duties when we disagree with counsel's conclusion that an appeal is frivolous. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Johnson, 885 S.W.2d at 648. 
First, we must grant the attorney's motion to withdraw because he cannot be required to brief and
argue an appeal he has determined to be frivolous. Id. Second, we must remand the cause to the
trial court for appointment of new counsel. Id. The new counsel is to brief the issue of the
inconsistency between the court's oral pronouncement of judgment and the written judgment on
the merits. Additionally, the new attorney may raise any other grounds found that, in the new
attorney's opinion, will support the appeal. 
      Counsel's motion to withdraw is granted. This cause is abated to the trial court for
appointment of new counsel. The court's order appointing new counsel shall be filed with this
court within fifteen days of this order. New counsel's brief is due within thirty days of
appointment.
                                                                                 PER CURIAM
 

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Motion to withdraw granted, appeal abated
Order issued and filed October 30, 1996
Publish