Opinion issued April 17, 2003




 

 



 


 



In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00945-CR




RONALD LEE MOAKLER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 719597 




MEMORANDUM OPINION

          A jury convicted appellant, Ronald Lee Moakler, of aggravated sexual assault
of a child in 1997. The jury assessed punishment at confinement for eight years, but
as recommended by the jury, appellant’s sentence was probated and he was placed on
community supervision for eight years. The State filed a motion in March 2000 to
revoke community supervision. On July 17, 2000, the trial court revoked appellant’s
community supervision and sentenced the appellant to confinement for five years.
          In his sole point of error, appellant asserts that the trial court abused its
discretion by revoking community supervision and sentencing appellant to serve five
years. 
          As modified, we affirm.
Abuse of Discretion
          We review an order revoking probation


 under an abuse of discretion standard. 
Greathouse v. State, 33 S.W.3d 455, 458 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d). In making this determination, we examine the evidence in the light most
favorable to the trial court’s order. See Garrett v. State, 619 S.W.2d 172, 174 (Tex.
Crim. App. 1981). 
          If the State can prove the violation of a condition of probation by a
preponderance of the evidence, the order of revocation will be supported. 
Greathouse, 33 S.W.3d at 458 (citing Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980)). If the State fails to meet its burden of proof, the trial court abuses
its discretion in issuing an order to revoke probation. Greathouse, 33 S.W.3d at 458. 
One sufficient ground for revocation will support the court’s order to revoke
probation. Moore, 605 S.W.2d at 926. 
Discussion
          Appellant asserts that the only ground upon which the trial court revoked his
community supervision as stated in the “Order Revoking Community Supervision”
was that he violated the terms of community supervision by going within 100 yards
of a school. Appellant also contends that there is nothing in the record to evidence
that it was a violation of his community supervision to go within 100 yards of a
school; rather, he asserts that the terms of his community supervision stated 50 feet.


 
Finally, appellant contends that such term is unenforceable because it does not
specify the manner in which the distance is to be measured, and thus the requirement
is impermissibly vague.
          Appellant cites to Clapper v. State, in support of his claim that this written
order controls over the oral ruling by the trial court. 562 S.W.2d 250 (Tex. Crim.
App. 1978). The State contends we should correct the order revoking community
supervision to include appellant’s failure to register as a sex offender in Pasadena. 
An erroneous recitation in a judgment or sentence can be reformed to reflect the true
finding of the fact finder when such a finding is reflected in the pronouncement of the
court’s finding. See Milczanowski v. State, 645 S.W.2d 445, 447 (Tex. Crim. App.
1983). An appellate court has the power to correct and reform a trial court judgment
“to make the record speak the truth when it has the necessary data and information
to do so, or make any appropriate order as the law and nature of the case may
require.” Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001,
no pet.).
          In Smith v. State, the order revoking probation did not include appellant’s
failure to “maintain” employment. 790 S.W.2d 366, 368 (Tex. App.—Houston [1st
Dist.] 1990, pet. ref’d). However, at sentencing, the trial court orally pronounced that
“[t]he court finds the allegations of failing to secure and maintain employment,
failing to pay restitution to be true.” Id. This Court held that it had the authority to
reform the judgment and that the omission from the court’s order that the appellant
did not “maintain” employment was a clerical error, subject to correction on appeal. 
Id.
          In this case, the record reflects that the trial court made the following
pronouncement: “I make a finding that you violated the terms and conditions of the
probation by failing to report as ordered by the Pasadena Police Department on or
about February 1st of the year 2000, violating the 100 yards.” Therefore, we reform
the “Order Revoking Community Supervision” to include a violation of the
requirement to register with the Pasadena Police Department as required under the
Sexual Offender Registration Program on or about February 1, 2000. 
          Because we find that the trial court orally pronounced that appellant had
violated the terms and conditions of probation by failing to report as ordered, we
consider whether the State proved a violation of this condition by a preponderance
of the evidence. Greathouse, 33 S.W.3d at 458. 
          During the hearing on the order to revoke community supervision, Linda Bailli-Perez of the Pasadena Police Department (PPD), testified that she received
notification from the Houston Police Department on January 26, 2000, that appellant
had moved to Pasadena. Bailli-Perez also testified that (1) she is the only person who
registers sex offenders for Pasadena, (2) it is the sex offender’s responsibility to
notify her and schedule an appointment, (3) a sex offender is not officially registered
until he comes in, (4) she had no contact with appellant, and (5) appellant never came
in and registered with the PPD.
          Charles Bennett, an interstate sex offender officer with the Harris County
Community Supervision and Corrections Department, testified that appellant’s file
reflected that he had moved to Pasadena on or about January 24, 2000. Officer J. A.
Jacobs, who works for the HPD registering sex offenders, testified that appellant
came into her office on January 26, 2000, and gave her a change of address to 4747
Burke, No. 279, in Pasadena. Jacobs explained to appellant that he needed to report
to Pasadena within seven days.
          Appellant testified that he knew he had to register a change of address and that
he had done it several times before. Throughout his testimony, appellant stated that
he was confused, frustrated, and did not understand all the requirements he had to
comply with. However, as demonstrated during the State’s cross-examination of
appellant, he was capable of studying for and taking the Texas driver’s license test,
and he managed to go to the post office and complete a change of address form,
among other things. Appellant never testified that he actually did register with the
PPD as required. 
          We find that, as the fact finder, the trial court could conclude that the State
proved by a preponderance of the evidence that appellant failed to register with the
PPD as required by the terms and conditions of his community supervision. Because
one sufficient ground for revocation will support the court’s order to revoke
probation, we need not address whether appellant also violated the terms of his
community supervision by living too close to a school. Moore, 605 S.W.2d at 926.
          We overrule appellant’s sole point of error. 
Conclusion
          We modify the trial court’s July 17, 2000 “Order Revoking Community
Supervision” to reflect that appellant violated the terms and conditions of community
supervision by failing to register with the Pasadena Police Department on or about
February 1, 2000, as required under the Sexual Offender Registration Program. As
so modified, we affirm the judgment of the trial court. 
 
 
                                                             Laura C. Higley 
                                                             Justice

Panel consists of Justices Taft, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).