IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00258-CR

 

James Douglas Harris,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court # 9718-A

 



Opinion



 

          The
trial court revoked James Douglas Harris’s community supervision for burglary
and imposed the original sentence of ten years’ imprisonment.  Harris contends in five issues that: (1) the
court improperly predetermined that it would revoke his community supervision
and impose the original sentence; (2) an assigned judge abused his discretion
by denying Harris’s recusal motion and his continuance motion; (3) the court
failed to act as a neutral and detached decision maker; (4) the State failed to
rebut defense evidence pertinent to one of the grounds for revocation; and (5)
the court erred by failing to hold a separate punishment hearing after revoking
his community supervision.  We will
affirm.

Background

          Pursuant
to a plea bargain, the court on May 29, 2002 sentenced Harris to ten years’ imprisonment and
a $10,000 fine, suspended imposition of sentence, and placed him on community
supervision for ten years.  On October 8,
the State filed a motion to “adjudicate.”[1]  This motion alleged that Harris had violated
the conditions of community supervision by failing to report on July 1, July
22, and August 5, and by failing to pay $350 per month toward his fine, court
costs, and restitution.

          At
a January 30, 2003
hearing, the parties agreed to a modification of the conditions of community
supervision and to allow Harris an additional 90 days to demonstrate that he
would comply with the conditions of community supervision.  The court approved the parties’ agreement and
signed an agreed order which the attorneys and Harris’s community supervision
officer signed as well.  The agreed order
scheduled a review hearing for May 2.

          On
March 4, the State filed an amended revocation motion adding allegations that
Harris committed a burglary on February 4 and failed to report on March 3.

          The
revocation hearing was held on June 26. 
Harris pleaded “true” to the allegations alleged in the original
revocation motion and “not true” to the two additional allegations stated in
the amended motion.  The State called
Harris’s community supervision officer to prove the failure-to-report and
failure-to-pay allegations and other witnesses to prove that he committed the
burglary alleged.  Harris responded with
witnesses to controvert the State’s burglary evidence and tendered documentary
evidence to the court purporting to establish that he was in the Dallas County
jail when he failed to report on March 3.

          The
prosecutor[2]
questioned the authenticity of the documents offered by Harris.  The court agreed that the documents looked
suspicious and declined to admit them in evidence.  The State obtained a criminal history for
Harris which indicated that he was arrested in Dallas on March 30, rather than March 3.  Nevertheless, Harris steadfastly denied that
he had altered the Dallas
 County documents in any fashion.  The court agreed to delay a ruling on the
revocation motion for seven days to give the State an opportunity to verify or
refute the authenticity of the documents.

          On
July 3, Harris filed a pro se motion
to recuse the judge alleging that she had “predetermined her punishment” as
reflected by her comments during the January 30 and June 26 hearings and that
he had filed a grievance against her with the State Commission of Judicial
Conduct on June 12.

          The
judge declined to recuse herself and faxed the recusal motion to the presiding
judge of the administrative judicial region. 
The presiding judge assigned the other district judge in Limestone County to hear the recusal motion. 
At the commencement of the recusal hearing, Harris informed the assigned
judge that he wanted the assigned judge to recuse himself as well.  The assigned judge delayed the hearing to
allow Harris to file a proper recusal motion. 
In this second recusal motion, Harris also requested a continuance to
obtain a record of the January 30 hearing to prove the recusal allegations.  The assigned judge declined to recuse himself
and referred the matter to the presiding judge, who assigned another judge to
hear both recusal motions.

          The
second assigned judge heard the continuance motion and the recusal motion as to
the judge presiding over Harris’s revocation and denied both.  He declared the second recusal motion (directed
to the first assigned judge) to be moot.

          The
revocation hearing then resumed.  The
State informed the court that it had been unable to obtain admissible
documentation to refute the authenticity of the Dallas County documents Harris
offered at the prior hearing but that the March 3 date indicated in those
documents is inconsistent with what Harris’s criminal history reflects.

          The
court found all the revocation allegations true except for the burglary
allegation and imposed Harris’s original ten-year sentence.

Recusal
Motion

          Harris
contends in his second issue that the assigned judge erred by denying his
motion for continuance and his motion to recuse the judge presiding over his
revocation hearing.

          The
State contends that Harris failed to preserve his complaint regarding the
assigned judge’s ruling on the recusal motion because the motion was filed less
than ten days before the hearing.  The
State is correct that a recusal motion generally must be filed at least ten
days before trial or hearing.  See Tex.
R. Civ. P. 18a(a);[3]
Arnold v. State, 853 S.W.2d 543,
544-45 (Tex. Crim. App. 1993); Madden v.
State, 911 S.W.2d 236, 239 (Tex. App.—Waco 1995, pet. ref’d); accord De Leon v.
Aguilar, 127 S.W.3d 1, 5 (Tex.
Crim. App. 2004) (orig. proceeding). 
However, if the basis for recusal does not become apparent until later,
then the defendant preserves the complaint by promptly filing the motion when
the basis for recusal comes to light.  See Rosas v. State, 76 S.W.3d 771, 774
(Tex. App.—Houston [1st Dist.] 2002, no pet.); Martin v. State, 876 S.W.2d 396, 397
(Tex. App.—Fort Worth 1994, no pet.); see
also Madden, 911 S.W.2d at 239 (issue not preserved where defendant became
aware of possible grounds for recusal at punishment phase but raised issue for
first time on appeal).

          Here,
Harris alleges three grounds for recusal: (1) the judge’s comments during the
January 30 hearing, (2) the June 12 judicial grievance he filed, and (3) the
judge’s comments during the June 26 hearing. 
Harris was well aware of the first two grounds more than ten days before
the June 26 hearing.  However, he did not
seek a recusal on these grounds until after the June 26 hearing.  Thus, he has failed to preserve the issue of
whether the judge should have been recused because of her comments during the
January 30 hearing or because of the June 12 grievance.  See Arnold, 853 S.W.2d at 544-45; Madden, 911 S.W.2d at 239.

          Because
Harris’s recusal motion was untimely with regard to the judge’s comments during
the January 30 hearing, the assigned judge did not abuse his discretion by
denying Harris’s continuance motion, by which he sought a delay to obtain a
record of the January 30 hearing.

          We
review the denial of a recusal motion under an abuse-of-discretion
standard.  See Wesbrook v. State, 29 S.W.3d 103, 120 (Tex. Crim. App. 2000); Rosas, 76 S.W.3d at 774. 
Recusal because of bias is justified when “the movant has provided facts sufficient to establish that a
reasonable man, knowing all the circumstances involved, would harbor doubts as
to the impartiality of the trial judge.” 
Kemp v. State, 846 S.W.2d 289,
305 (Tex. Crim. App. 1992); accord Rosas,
76 S.W.3d at 774.  We will not reverse a
recusal decision which lies “within the zone of reasonable disagreement.”  Kemp,
846 S.W.2d at 306 (citing Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g)); Rosas, 76 S.W.3d at 774; accord Wesbrook, 29 S.W.3d at 120-21.

          Harris
alleges without elaboration in his recusal motion that the fact that the judge
had “predetermined” his sentence is “self evident in the recent hearing on June 26,
 2003.”  At the recusal hearing, Harris testified that
the judge “seemed to be agitated” with him during the June 26 hearing and cut
off his testimony at one point.

          The
lion’s share of Harris’s recusal allegations stem from the comments the judge
made during the January 30 hearing.  As
stated above, Harris did not timely seek a recusal on the basis of these
comments.  In view of the limited
evidence from the June 26 hearing offered to show a basis for recusal, we
cannot say that the assigned judge abused his discretion by denying the recusal
motion.  See Rosas, 76 S.W.3d at 775-76. 
Accordingly, we overrule Harris’s second issue.

Predetermination
Of Revocation And Sentencing

          Harris
contends in his first and third issues that he was denied due process because
the judge had predetermined that she would revoke his community supervision and
impose the original sentence regardless of any mitigating evidence he may
present.

          Such
complaints must be preserved for appellate review.  See
Tex. R. App. P. 33.1(a)(1); Hull v. State, 67 S.W.3d 215, 217-18
(Tex. Crim. App. 2002); Texeira v. State,
89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref’d).  As with Harris’s recusal allegations, the
primary source for his contention that the judge had predetermined that she
would revoke his community supervision and impose the original sentence is the
record of the comments the judge made in the January 30 hearing.  However, Harris did not voice any objection
to the judge presiding over the revocation hearing until he filed his recusal
motion, seven days after the June 26 hearing in which the court heard virtually
all the evidence on the matter. 
Therefore, Harris’s objection was not timely, and these issues have not
been preserved.  See Tex. R. App. P. 33.1(a)(1); Hull, 67 S.W.3d at 217-18; Texeira, 89 S.W.3d at 192. 
Accordingly, we overrule Harris’s first and third issues.

The
Revocation Decision








          Harris
contends in his fourth issue that the court abused its discretion by finding
that he failed to report on March 3, 2003 because the State failed to rebut the evidence
he offered to show that he was incarcerated in Dallas County on that date.  He contends
that a finding on this allegation is critical because the parties agreed at the
January 30 hearing that his community supervision would not be revoked unless
he committed “new violations.”

          In
examining the portions of the record Harris cites from the January 30 hearing,
we find no agreement between the parties that his community supervision would
be continued if Harris had no “new violations.” 
Instead, the record reflects that the parties agreed to leave the
revocation motion pending for 90 days to allow Harris an opportunity to abide
by the conditions of community supervision. 
As his own attorney stated, “[I]f he doesn’t [comply] there would be a
hearing set so we could all go forward on the Motion to Revoke.”

          To
overturn a revocation order, a defendant must successfully challenge each
finding on which the revocation is based. 
See Jones v. State, 571 S.W.2d
191, 193-94 (Tex. Crim. App. [Panel Op.] 1978); Joseph v. State, 3 S.W.3d 627, 640 (Tex.
App.—Houston [14th Dist.] 1999, no pet.); Smith
v. State, 790 S.W.2d 366, 367 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d).  A defendant cannot challenge a revocation
finding on an allegation to which he pleaded “true.”  See
Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); Atchison v.
State, 124 S.W.3d 755, 758 n.4 (Tex.
App.—Austin 2003, pet. ref’d); Moore v.
State, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no
pet.).

          Harris
pleaded “true” to the two of the four allegations in the revocation
motion.  He does not challenge the
court’s findings on these two allegations. 
Therefore, we cannot say that the court abused its discretion by
revoking Harris’s community supervision. 
Accordingly, we overrule his fourth issue.

Separate
Punishment Hearing

          Harris
contends in his fifth issue that the court erred by failing to hold a separate
punishment hearing after deciding to revoke his community supervision.  However, he did not preserve this issue for
review by objection during the revocation hearing or by motion for new
trial.  See Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); Issa v. State, 826 S.W.2d 159, 161 (Tex.
Crim. App. 1992) (per curiam); Liggett v.
State, 998 S.W.2d 733, 736 (Tex. App.—Beaumont 1999, no pet.).  Accordingly, we overrule Harris’s fifth
issue.

          We
affirm the judgment.

 

FELIPE REYNA

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed February
 23, 2005

Publish 

[CR25]











    [1]       The State’s motion erroneously alleged
that Harris had received deferred adjudication. 
Nevertheless, the parties treated the pleading as a revocation
motion.  We refer to this motion hereinafter
as a revocation motion.





    [2]       Apparently Harris himself brought the documents
to the hearing, and his attorney did not know about their existence
beforehand.  Harris’s own attorney
acknowledged to the court that the documents “looked funny.”





    [3]       The recusal procedures set out in Rule of
Civil Procedure 18a apply in criminal cases. 
De Leon v. Aguilar, 127 S.W.3d
1, 5 (Tex. Crim. App. 2004) (orig. proceeding).