COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

ARNOLD TRUMAN WILSON, JR., §

Appellant, §

v. §

THE STATE OF TEXAS, §

Appellee. §

§

No. 08-10-00034-CR

Appeal from the

411th District Court

of San Jacinto County, Texas

(TC# 9727)

**O P I N I O N**

Appellant, Arnold Wilson, Jr., appeals the trial court's order revoking his deferred adjudication community supervision and adjudicating him guilty of indecency with a child. We affirm.

**BACKGROUND**

Originally, Appellant was indicted for aggravated sexual assault of a child. The State later filed a motion to proceed on the lesser-included offense of indecency with a child, and Appellant pled guilty to the lesser offense. The court deferred a finding of guilt, placed Appellant on deferred adjudication community supervision for ten years, and assessed a fine of $2,000. Subsequently, the State filed a motion to adjudicate guilt, alleging the following probation conditions were violated: (h) Appellant failed to work faithfully at suitable employment; (k) Appellant failed to pay his supervision fees; (p) Appellant failed to pay the assessed court costs, fine, and court-appointed attorney's fees; (q) Appellant failed to complete 168 hours of community service; (t) Appellant failed to pay for urinalysis testing; (u) Appellant failed to provide proof that he obtained the educational skills equivalent to the sixth grade level; (dd) Appellant failed to attend a sex-offender treatment

program; and (1) Appellant failed to take his medication as prescribed by MHMR. After a hearing, Appellant was found to have violated conditions (h), (p), (q), (dd), and (1) of his community supervision. The trial court then adjudicated Appellant guilty and assessed sentence at ten years' confinement.

## DISCUSSION

Appellant's court-appointed counsel has filed a brief in which she has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief and the appellate record have been delivered to Appellant, and Appellant has been advised of his right to file a *pro se* brief. However, no *pro se* brief has been filed.

We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly frivolous and without merit. Appellate review of an order revoking probation is limited to simply whether the trial court abused its discretion by finding, based on a preponderance-of-the-evidence standard, that Appellant violated a term or condition of his probation. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Here, the evidence presented at the adjudication hearing was sufficient to support the trial court's finding that Appellant violated five conditions of his probation as Appellant did not maintain employment, admitted that he failed to pay the required court costs, fine, and attorney's fees, did not complete his community service, failed to attend all sessions in his

2

sex-offender treatment program, and did not take his medication as MHMR prescribed. Only one sufficient ground was necessary to support the trial court's revocation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Further, the punishment assessed was within the range prescribed by law. *See* TEX. PENAL CODE ANN. § 21.11(d) (Vernon 2003); TEX. PENAL CODE ANN. § 12.33. Thus, we find nothing in the record that might arguably support the appeal.

Furthermore, counsel represents that the judgment contains a clerical error. At the hearing on the motion to adjudicate, the trial court expressly found that Appellant violated conditions (h), (p), (q), (dd), and "No. 1" of his community supervision. However, the written judgment reflects that Appellant violated conditions (h), (k), (p), (q), (dd), and "1." When there is a conflict between the trial court's oral pronouncement of the findings supporting revocation and the written judgment, the oral pronouncement controls. *See Smith v. State*, 290 S.W.3d 368, 377 (Tex. App. – Houston [14th Dist.] 2009, pet. ref'd) (citing *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003)). We may modify the trial court's written judgment to correct such a clerical error when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App. – Dallas 1991, pet. ref'd). Accordingly, we modify the judgment to show that Appellant only violated conditions (h), (p), (q), (dd), and No. 1 of his community supervision. *See* TEX. R. APP. P. 43.2(b); *see also Smith*, 290 S.W.3d at 377 (modifying order of adjudication to include trial court's oral pronouncement that defendant violated six conditions of his deferred adjudication); *Smith v. State*, 790 S.W.2d 366, 368 (Tex. App. – Houston [1st Dist.] 1990, pet. ref'd) (modifying order revoking probation to include trial court's oral pronouncement that defendant failed to maintain employment); *Turner v. State*, No. 05-02-00329-CR, 2002 WL 31151226, at *2 (Tex. App. – Dallas Sept. 27, 2002,

no pet.) (op., not designated for publication) (modifying order revoking probation to delete failure to perform community service in the written judgment where trial court made no oral pronouncement finding the allegation to be true).

The judgment is affirmed as modified.


GUADALUPE RIVERA, Justice

October 6, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

4