COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


ARNOLD TRUMAN WILSON, JR.,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-10-00034-CR



Appeal from the


411th District Court


of San Jacinto County, Texas


(TC# 9727)


O P I N I O N


 Appellant, Arnold Wilson, Jr., appeals the trial court's order revoking his deferred
adjudication community supervision and adjudicating him guilty of indecency with a child. We
affirm.

BACKGROUND

 Originally, Appellant was indicted for aggravated sexual assault of a child. The State later
filed a motion to proceed on the lesser-included offense of indecency with a child, and Appellant
pled guilty to the lesser offense. The court deferred a finding of guilt, placed Appellant on deferred
adjudication community supervision for ten years, and assessed a fine of $2,000. Subsequently, the
State filed a motion to adjudicate guilt, alleging the following probation conditions were violated:
(h) Appellant failed to work faithfully at suitable employment; (k) Appellant failed to pay his
supervision fees; (p) Appellant failed to pay the assessed court costs, fine, and court-appointed
attorney's fees; (q) Appellant failed to complete 168 hours of community service; (t) Appellant failed
to pay for urinalysis testing; (u) Appellant failed to provide proof that he obtained the educational
skills equivalent to the sixth grade level; (dd) Appellant failed to attend a sex-offender treatment
program; and (1) Appellant failed to take his medication as prescribed by MHMR. After a hearing,
Appellant was found to have violated conditions (h), (p), (q), (dd), and (1) of his community
supervision. The trial court then adjudicated Appellant guilty and assessed sentence at ten years'
confinement.

DISCUSSION Appellant's court-appointed counsel has filed a brief in which she has concluded that the
appeal is wholly frivolous and without merit. The brief meets the requirements of Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied, 388 U.S. 924, 87 S.Ct. 2094,
18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why,
in effect, there are no arguable grounds to be advanced. See High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485
S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). 
A copy of counsel's brief and the appellate record have been delivered to Appellant, and Appellant
has been advised of his right to file a pro se brief. However, no pro se brief has been filed.

 We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly
frivolous and without merit. Appellate review of an order revoking probation is limited to simply
whether the trial court abused its discretion by finding, based on a preponderance-of-the-evidence
standard, that Appellant violated a term or condition of his probation. Rickels v. State, 202 S.W.3d
759, 763 (Tex. Crim. App. 2006). Here, the evidence presented at the adjudication hearing was
sufficient to support the trial court's finding that Appellant violated five conditions of his probation
as Appellant did not maintain employment, admitted that he failed to pay the required court costs,
fine, and attorney's fees, did not complete his community service, failed to attend all sessions in his
sex-offender treatment program, and did not take his medication as MHMR prescribed. Only one
sufficient ground was necessary to support the trial court's revocation. See Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Further, the punishment assessed was within
the range prescribed by law. See Tex. Penal Code Ann. § 21.11(d) (Vernon 2003); Tex. Penal
Code Ann. § 12.33. Thus, we find nothing in the record that might arguably support the appeal.

 Furthermore, counsel represents that the judgment contains a clerical error. At the hearing
on the motion to adjudicate, the trial court expressly found that Appellant violated conditions (h),
(p), (q), (dd), and "No. 1" of his community supervision. However, the written judgment reflects
that Appellant violated conditions (h), (k), (p), (q), (dd), and "1." When there is a conflict between
the trial court's oral pronouncement of the findings supporting revocation and the written judgment,
the oral pronouncement controls. See Smith v. State, 290 S.W.3d 368, 377 (Tex. App. - Houston
[14th Dist.] 2009, pet. ref'd) (citing Thompson v. State, 108 S.W.3d 287, 290 (Tex. Crim. App.
2003)). We may modify the trial court's written judgment to correct such a clerical error when we
have the necessary information before us to do so. See Tex. R. App. P. 43.2(b); Bigley v. State, 865
S.W.2d 26, 27-28 (Tex. Crim. App. 1993); Asberry v. State, 813 S.W.2d 526, 529-30 (Tex. App. -
Dallas 1991, pet. ref'd). Accordingly, we modify the judgment to show that Appellant only violated
conditions (h), (p), (q), (dd), and No. 1 of his community supervision. See Tex. R. App. P. 43.2(b);
see also Smith, 290 S.W.3d at 377 (modifying order of adjudication to include trial court's oral
pronouncement that defendant violated six conditions of his deferred adjudication); Smith v. State,
790 S.W.2d 366, 368 (Tex. App. - Houston [1st Dist.] 1990, pet. ref'd) (modifying order revoking
probation to include trial court's oral pronouncement that defendant failed to maintain employment);
Turner v. State, No. 05-02-00329-CR, 2002 WL 31151226, at *2 (Tex. App. - Dallas Sept. 27, 2002,
no pet.) (op., not designated for publication) (modifying order revoking probation to delete failure
to perform community service in the written judgment where trial court made no oral pronouncement
finding the allegation to be true).

 The judgment is affirmed as modified.


 GUADALUPE RIVERA, Justice


October 6, 2010


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)