Opinion issued February 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00889-CR

———————————

Anthony Sean Cullever, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 56th District Court

Galveston County, Texas



Trial Court Case No. 07CR0819

 



 

MEMORANDUM OPINION

          Appellant
Anthony Sean Cullever pleaded guilty to the offense of indecency with a
child.  See Tex. Penal Code Ann. § 21.11 (West Supp. 2010).  The trial court deferred adjudication
of guilt and placed Cullever on community supervision.  The State filed a motion to revoke, alleging
several violations of the conditions of Cullever’s community supervision.  The trial court granted the motion, revoked
community supervision, and sentenced Cullever to 8 years in prison.  In his sole issue, Cullever argues that the
trial court abused its discretion in revoking community supervision.  We affirm.

Background

          On
October 18, 2007, Cullever pleaded guilty to the offense of indecency with a
child.  He signed written admonishments
acknowledging that he understood the consequences of his plea and certifying
that he was mentally competent.  Pursuant
to a plea agreement, the trial court deferred adjudication of guilt and placed
Cullever on community supervision for 8 years.  The conditions of his community supervision
included requirements that he: 
(1) pay a supervision fee of $40.00 per month; (2) pay $849.17
for attorney’s fees at a rate of $10.00 per month; (3) pay $25.00 to Crime
Stoppers; (4) pay $5.00 per month to the Sexual Assault Program Fund;
(5) perform 240 hours of community service at a rate of no less than 16
hours per month; and (6) attend psychological counseling sessions for sex
offenders.  The State filed a motion to
revoke community supervision after Cullever failed to pay the above fees, failed
to complete community service at the required rate, and was discharged from
counseling.

          At
the hearing, Cullever pleaded true to the State’s allegation that he failed to
pay his community supervision fees, court costs, attorney’s fees, Crime
Stoppers fee, and sexual assault program fine. 
He pleaded not true to the allegation that he had been discharged from
psychological counseling and not true to the allegation that he had failed to
perform community service.

          Cullever testified that he found a job
driving a shuttle bus at the airport where he worked from January to August
2008.  He was paid $9.25 per hour and
worked approximately 5 to 7 days per week. 
Cullever testified that even though he was employed, he did not have the
ability to pay the fees because his living expenses were high.  Cullever was fired in August and had to move
into a homeless shelter.  While he was
there, he spent time applying for jobs and would drive the other residents
around in exchange for gas money.  Cullever
also testified that he received some money from his brother.  Community Supervision Officer W. Ordaz
testified that Cullever made only two partial fee payments—one in January 2008 and one in March 2008,
which covered only a portion of his community supervision fees and court
costs.  He testified that Cullever had
not made any other attempts to pay the required fees.  Ordaz testified that he received a report in
December 2008 indicating that Cullever had become homeless and was living at a
shelter.  Ordaz agreed that a homeless
person would have difficulty paying fees but testified that Cullever was
working for several months before he became homeless and made only two payments
during that time.

In regard to Cullever’s failure to complete 240 hours of community
service at a rate of 16 hours per month, Ordaz testified that Cullever had
completed 35½ hours of community service in the 16 months he had been on
community supervision.  Cullever did not
testify regarding his failure to complete his community service hours at the
required rate.

J. O’Brien, a licensed sex offender treatment provider, testified that
Cullever was discharged from the treatment program because he failed to make
progress in the treatment program, did not complete homework assignments, was
absent from and did not participate in group therapy sessions, came late to
meetings, and failed to pay for counseling services.  She testified that Cullever’s performance
during therapy sessions was “unacceptable” during the first month and improved
only slightly during the following months. 
His progress declined significantly in October and November 2008.  Cullever was eventually terminated in
January 2009, and O’Brien gave him several referrals for other treatment
facilities.  She also encouraged Cullever
to get a psychiatric evaluation on several occasions, but he did not make an
appointment until after his treatment was terminated.  Ordaz testified that he received reports that
Cullever had missed counseling several times and that he was disruptive during
the group therapy session.  Cullever
testified that he did not talk in group therapy sessions because he is shy and
“not really a talker.”  He further
testified that he thought that he was making good progress, but after he lost
his job, he became more depressed.  Cullever
stated that during this time he stopped taking medication because he “felt that
was a crutch to keep somebody, you know, doing what they’re supposed to
do.”  He testified that after he was
terminated from counseling, he realized that he needed to get back on the
medication and he made an appointment with a psychiatrist at the Mental Health
and Mental Retardation Authority of Harris County.  He was diagnosed with schizoaffective disorder
and bipolar disorder and placed on medication. 
He testified that he has since been taking his medication as prescribed.

          Cullever’s
attorney questioned both Ordaz and O’Brien about Cullever’s mental state during
the time he was on community supervision. 
Ordaz testified that he had not conducted a psychological evaluation
because the records did not show that Cullever had a mental health disorder and
because he did not initially indicate that he had any mental health
issues.  Ordaz later learned that
Cullever was bipolar, but he did not conduct a psychological evaluation at that
time because Cullever stated that he was taking medication to control the disorder.  Ordaz testified that he did not know that Cullever
had been diagnosed with schizophrenia when he filed the motion to revoke and
that such knowledge would have factored into his decision to file the
motion.  O’Brien testified that when
Cullever was attending counseling sessions, she was concerned that he might
have a personality disorder.  She
referred him to psychiatric centers and psychiatrists on several occasions, but
Cullever never sought further treatment. 
She also testified that the diagnosis partially explained Cullever’s
behavior during counseling.

          After
hearing the evidence, the court found that all of the allegations in the
State’s motion to revoke were true.  The
trial court found Cullever guilty of the offence of indecency with a child,
revoked his probation, and sentenced him to 8 years’ confinement in
prison.  Cullever timely filed a notice
of appeal, and on appeal he argues that the trial court abused its discretion
in granting the State’s motion to revoke community supervision.

Analysis

          In his sole issue on appeal,
Cullever argues that the trial court abused its discretion in granting the
State’s motion to revoke community supervision because:  (1) there was insufficient evidence that his
failure to pay fees and fines was not the result of his inability to pay; (2) there
was insufficient evidence that his failure to complete community service was
not the result of his inability to pay; (3) the motion was insufficient to
provide notice that he was discharged from counseling for reasons that would
constitute a violation of the terms of his probation; and (4) there was
insufficient evidence to establish that he was discharged from counseling for
reasons that constitute a violation of the terms of his probation.

Our review of a trial court’s order
revoking community supervision is limited to determining whether the trial
court abused its discretion.  Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006).  The trial court
abuses its discretion in issuing the order to revoke if the State fails to meet
its burden of proof.  Greathouse v. State, 33 S.W.3d 455, 458
(Tex. App.—Houston [1st Dist.] 2000, pet ref’d).  We examine the evidence in the light most
favorable to the trial court’s order.  Id. 
The trial judge is the sole trier of the facts and determines the
credibility of the witnesses and the weight to be given to their
testimony.  Taylor v. State, 604 S.W.2d 175, 175 (Tex. Crim. App. 1980); Amado v. State, 983 S.W.2d 330, 332
(Tex. App.—Houston [1st Dist.] 1998, pet. ref’d).  

In a community supervision
revocation hearing, the State must prove by a preponderance of the evidence
that the probationer violated the terms and conditions of community
supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Smith v. State, 790 S.W.2d 366, 367
(Tex. App.—Houston [1st Dist.] 1990, writ ref’d).  This standard is met when the greater weight
of the credible evidence creates a reasonable belief that the defendant
violated a condition of his community supervision.  Jenkins
v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); Akbar v. State, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.]
2005, no pet.).  When several violations
are found by the trial court, we will affirm the order revoking community supervision
if the State proved any violation by a preponderance of the evidence.  Sanchez
v. State, 603 S.W.2d 869, 870–71 (Tex. Crim. App. 1980); Akbar, 190 S.W.3d at 123.

The unrebutted testimony of Officer
Ordaz established that Cullever failed to complete his court-ordered community
service at the required rate.  At the
hearing, Cullever did not testify about his failure to complete the required
community service hours.  He argues on
appeal, however, that it was implicit in his testimony that his inability to
pay community supervision fees impacted his ability to perform community
service.  Relying on Code of Criminal
Procedure article 42.12, section 21(c), Cullever argues that the State had
an affirmative burden to prove that his financial disability did not impact his
ability to perform community service.  That
provision is inapplicable because it only applies when the State’s motion to
revoke is based on the probationer’s failure to pay attorney’s fees, community
supervision fees, or court costs.  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 21(c) (West Supp. 2010).  In a community supervision revocation
hearing at which it is alleged only that the defendant violated the conditions
of community supervision by failing to pay appointed counsel, community supervision
fees, or court costs, the State must prove by a preponderance of the evidence
that the defendant was able to pay and did not pay as ordered by the judge.  Id.  When,
as in this case, the motion to revoke is filed on grounds other than those
listed in the statute, article 42.12, section 21(c) does not apply.

The order granting community
supervision required Cullever to perform 240 hours of community service at a rate
of no less than 16 hours per month until completed.  Over the course of over 16 months, Cullever
only completed 35½ of 240 required hours. 
Cullever did not testify regarding his failure to complete the required
community service hours.  We hold that
the trial court did not abuse its discretion because the evidence was
sufficient to show, by a preponderance of the evidence, that Cullever failed to
complete the required hours of community service at the required rate.  Because this violation provides a valid basis
for revocation of community supervision, we do not address Cullever’s remaining
arguments.  See Canseco v. State, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st
Dist.] 2006, pet. ref’d).  Cullever’s
sole issue is overruled.

Conclusion

          We affirm
the judgment of the trial court.

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes,
Sharp, and Massengale.

Do not publish.  Tex.
R. App. P. 47.2(b).