**Jose Leonardo ROSAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–01–00281–CR, 01–01–00282–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 9, 2002.

Kenneth W. Smith, Law Office of Kenneth W. Smith, Houston, for appellant.

Kevin P. Keating, Asst. Dist. Atty., Houston, for the State.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and RADACK.

## OPINION

TIM TAFT, Justice.

A jury found appellant, Jose Leonardo Rosas, guilty of two charges of aggravated sexual assault of a child and assessed punishment in each case at 40 years in prison. Appellant challenges: (1) the denials of his motions to recuse and denial of a hearing for motion on his new trial, all based on the trial court's membership in a child advocacy organization; (2) the prosecutor's reference to appellant's refusal to give a statement to the police; (3) the trial court's denial of the opportunity to question the reliability of an outcry statement; (4) the admission of extraneous offenses; and (5) the constitutionality of the sex-offender registration statute, on the grounds it constitutes outlawry. We affirm.

## Facts

M.R., a seven-year-old girl, was sexually assaulted by her father, appellant, while her mother was in Mexico. This occurred on five occasions. M.R. told her mother and aunt upon her mother's return from Mexico. M.R.'s aunt, Alejandra Flores, noticed that M.R. was scratching her "private parts" and observed that "everything looked like things were not right." M.R. told Flores that appellant had penetrated her "middle part" by using cream. M.R. was taken to Texas Children's Hospital for a medical examination where Dr. Pam Bailey discovered that M.R. was suffering from a chlamydia infection, a sexually transmitted disease. M.R.'s mother notified the police, and appellant was arrested.

At trial, appellant filed two motions to recuse the trial court because of its membership on the Children's Assessment Center (CAC) judicial council. The trial court declined to recuse itself and referred the cases to a recusal court for the motion to be heard. The Honorable Mark Davidson heard the motions and denied them. After the jury found him guilty, appellant filed a motion for new trial and two motions to recuse the trial court from hearing the motion for new trial. The trial court again declined to recuse herself and referred the cases to a recusal court. The Honorable Olin Underwood heard the motions to recuse and denied them. Appellant's motion for new trial was overruled by operation of law.

## Motions to Recuse

In his first six points of error, appellant contends the trial court was not an impartial tribunal because of its membership in the Children's Assessment Center judicial council. In points of error one through three, appellant challenges the trial court's and the recusal courts' denials of his motions to recuse and motion for new trial. In points of error four through six, appellant contends the trial court and the recusal courts erred by refusing to hear evidence on the motions and allowing the motion for new trial to be overruled by operation of law without a hearing.

### A. Waiver

■ Initially, the State contends appellant has waived his recusal challenges because he did not comply with the 10–day notice provision of Texas Rule of Civil Procedure 18a. *See Arnold v. State,* 853 S.W.2d 543, 544–45 (Tex.Crim.App.1993) (holding that 10–day notice provision for motion to recuse in Rule 18a explicitly apply to criminal cases); Tex.R. Civ. P. 18a. Appellant filed his motion to recuse on February 5, 2001, the day trial began. But, if appellant did not know the grounds for recusal before 10 days of the trial date, Rule 18a did not bar consideration of his complaint. *See Martin v. State,* 876 S.W.2d 396, 397 (Tex.App.-Fort Worth 1994, no pet.) ("Rule 18a does not contemplate the situation in which a party cannot know the basis of recusal until after a motion for recusal is no longer timely.").

Appellant's counsel stated in the motions to recuse that it was only days before trial that he received a letter from appellant enclosing a letter from the officers of the Children's Assessment Center Foundation that explained the purpose of the CAC's judicial council. The State did not object to appellant's filing the motion to recuse on the day of trial, and there is no evidence in the record that appellant could have filed the motion before the 10–day period. The State does not contend on appeal that appellant's counsel could have filed the motion to recuse prior to the 10–day requirement of Rule 18a. We hold that appellant has not waived consideration of this his recusal challenges. *See Martin,* 876 S.W.2d at 397.

### B. Standard of Review

■ We review the trial court's refusal of a defendant's motion to recuse for abuse of discretion. *Wesbrook v. State,* 29 S.W.3d 103, 120 (Tex.Crim.App.2000) (citing *Kemp v. State,* 846 S.W.2d 289, 306 (Tex.Crim.App.1992)). A trial court's ruling should not be reversed if it is within the zone of reasonable agreement. *Wesbrook,* at 120–21. Recusal is appropriate if the movant has provided enough facts to establish that a reasonable person, knowing all the circumstances involved, would harbor doubts as to the impartiality of the trial court, but only when the bias is of such a nature and extent as to deny the movant due process of law. *Kemp,* 846 S.W.2d at 305. Moreover, the bias must have come from an extrajudicial source and result in an opinion on the merits of the case other than what the judge learned from participating in the case. *Id.* at 306.

### C. Trial Court's Membership on CAC Judicial Council

■ Appellant contends the trial court's membership in the CAC judicial council prevents its being an impartial tribunal for this case of child sexual assault. Appellant raised this argument in two motions to recuse, which asserted the trial court had been recused in the past on a similar case, and also offered a letter from the CAC stating that the purpose of the CAC judicial council is to help represent the sexually abused children of Harris County and

serve as an advocate for all children in the community. The trial court is listed as one of the 12 judges serving on the judicial council.

The State Bar Committee on Judicial Ethics issued an ethics opinion stating that a judge violates Canon 2 of the Judicial Canon of Ethics by serving on the judicial council of the Children's Assessment Center. Comm. on Jud. Ethics, State Bar of Tex., Op. 270 (2001); *see also* TEX.CODE JUD. CONDUCT, Canons 2 & 4. The opinion also stated that membership on this council would require frequent recusal in cases in which members of the organization might testify. Comm. on Jud. Ethics, State Bar of Tex., Op. 270 (2001). Although no witnesses from the CAC were expected to testify and none did, the State filed a notice of intent to introduce records from the CAC. These records reflected a medical examination of M.R. indicating several symptoms, including the chlamydia diagnosis.

■ Mere violations of the Code of Judicial Conduct, standing alone, do not constitute reversible error, and unethical conduct is not necessarily a legal ground for reversal. *Wesbrook,* 29 S.W.3d at 121; *Kemp,* 846 S.W.2d at 305. Although bias can result in disqualification, it must be of such a nature and extent as to deny appellant due process of law. *Wesbrook,* 29 S.W.3d at 121 (citing *McClenan v. State,* 661 S.W.2d 108, 109 (Tex.Crim.App.1983)). Appellant has not made such a showing.

Appellant contends that the trial court has a "long running interest in the prosecution of sex-abuse cases going back to her days as a prosecutor" and that the trial court "has exhibited hostility towards defendants charged with such crimes." Appellant also contends the trial court stated during voir dire that "she hates such cases," and repeatedly ruled in favor of the prosecution and against appellant on objections.

First, our review of the record does not indicate that the trial court exhibited hostility towards appellant. Second, the record does not reflect that the trial court ruled repeatedly in favor of the prosecution and against appellant. Finally, there is no evidence in the record that the trial court stated it "hates such cases" during voir dire. Instead, the trial court explained the difficulty of handling sexual assault cases:

> Nobody likes these cases. I don't like standing up here and reading these allegations to you. I don't even like reading them. Nobody thinks that they want to sit and listen to this type of case. Nobody wants to watch a child under the age of 14 take the witness stand and testify to these allegations, whether they be true or they be not true. I mean, right, nobody wants to do this. I'm sure the Prosecutor doesn't love prosecuting these cases. The Defense probably doesn't love defending these cases. But here we are. To be eligible for a juror, you don't have to like these cases. And you certainly don't have to be a person who wants to sit on this jury. But you have to be a person who can sit there and fairly keep an open mind, and make your decision after you hear all the evidence.

Although the trial court had served on the CAC judicial council, appellant did not demonstrate that the trial court was still serving on the council during the trial of his case. Ethical violations alone are not grounds for a recusal, and we cannot say that the trial court or recusal courts abused their discretion in denying the motions to recuse.

## D. Refusal to Hear Evidence

■ Appellant contends the trial court refused to hear evidence on the motions to

recuse. The trial court, however, expressly invited appellant to present any evidence on the motion:

I'm going to allow you to offer all the proof you want. So, you don't have to do a Bill of Exceptions. I will allow you to offer proof. That's what I'm inviting you to do at this time is to go forward an present evidence.

Moreover, a trial court need not conduct a hearing on a motion for new trial unless the motion raises matters that cannot be determined from the record. *King v. State*, 29 S.W.3d 556, 568–69 (Tex.Crim. App.2000). Appellant raised only the issue of the motion to recuse in the motion for a new trial. Appellant did not make any showing that the trial court displayed bias at trial to deny him due process. The record does not reflect any bias, and appellant did not raise any new evidence that demonstrated bias that denied him due process.

We overrule appellant's first six points of error.

### Improper Prosecutorial Comments

■ In his seventh point of error, appellant contends that the prosecutor improperly referred to his refusal to give a statement to the police. The following occurred during the cross-examination of appellant:

Prosecutor: And in fact, the police gave you an opportunity to give a statement on May 23, 2000, and you refused?

Defense Counsel: Your Honor, I'm going to object to this question as reflecting on his non-testifying, reflecting on his Fifth Amendment right.

Trial Court: Sustained.

Defense Counsel: Ask that the jury be instructed to disregard.

Trial Court: The jury is instructed to disregard the portion of the question that the prosecutor asked.

Defense Counsel: I'd move for a mistrial.

Trial Court: That's denied. You may proceed.

■ It is unclear from the record if the prosecutor was inquiring about pre-arrest or post-arrest silence. Comments made concerning pre-arrest silence are constitutionally permitted. *Waldo v. State*, 746 S.W.2d 750, 755 (Tex.Crim.App. 1988). Although comments concerning a defendant's post-arrest silence are a violation of the Fifth Amendment prohibition against self-incrimination, an instruction to disregard will generally cure the error. *Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim.App.1995). An instruction to disregard is effective unless consideration of the facts of the particular case suggests the impossibility of withdrawing the impression produced on the minds of the jury. *Waldo*, 746 S.W.2d at 754. Moreover, the prosecutor did not raise the issue again during cross-examination or in closing argument. Under these circumstances, we hold that the trial court's actions cured any harm.

We overrule appellant's seventh point of error.

### Reliability of Outcry Statement

In appellant's eighth point of error, he contends that he was denied the opportunity to determine the reliability of an outcry statement. He concedes that error was not properly preserved by objection, but contends that the error was fundamental and did not require objection.

■ When the State offers an out-of-court statement pursuant to article 38.072 of the Texas Code of Criminal Procedure, a defendant must object to the statement

to preserve error for appellate review. *Holland v. State,* 802 S.W.2d 696, 699–700 (Tex.Crim.App.1991). Failure to object waives the complaint on appeal. *Beckham v. State,* 29 S.W.3d 148, 153 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (holding complaints that article 38.072 violates confrontation rights under federal constitution require objection to preserve error).

We overrule appellant's eighth point of error.

### Admissibility of Extraneous Offense

■ In his ninth point of error, appellant contends that the trial court erred in allowing the prosecutor to read statements from a medical record about extraneous bad acts. The following exchange occurred during cross-examination of appellant:

Prosecutor: Your Honor, I would like to read to the Defendant some portions of the medical records. If I could read them out loud in Spanish, and he can interpret them.

Trial Court: Yeah. You want to read them out loud in English?

Prosecutor: Yeah. Isn't that what I said?

Trial Court: No.

Prosecutor: All right. In the medical records, it says that mother reports a history.

Defense Counsel: Your Honor, I'm going to object to this. It's hearsay within hearsay.

Trial Court: Isn't that a document that's already been introduced?

Prosecutor: Yes.

Trial Court: You may proceed. That's overruled.

Prosecutor: Jose living part-time with her and part-time with other women?

Defense Counsel: Your Honor, I'm going to object to this as relevancy.

Trial Court: Overruled.

Prosecutor: Jose pays mother's rent and bills. Mother does not work. Mother reports a history—I'm sorry, mother reports a history of domestic violence.

Defense Counsel: Your Honor, I'm going to object to this as introducing extraneous evidence.

Trial Court: Sir, the document has been introduced into evidence without objection. She may proceed. Your objection is overruled.

Defense Counsel: May I have a running objection as to all the previous objection just made to this evidence?

Trial Court: Yes.

Appellant concedes he is not challenging the admissibility of the medical records, but rather the harm that resulted when evidence of an extraneous bad act was read to the jury. Appellant cannot object on appeal to statements read from medical records to the jury, when the medical records were previously admitted at trial without objection. *Wright v. State,* 776 S.W.2d 763, 766 (Tex.App.-Corpus Christi 1989, pet. ref'd) (holding defendant waived error when medical records admitted without objection, and contents then read to jury).

We overrule appellant's ninth point of error.

### Constitutionality of Sexual Offender Registration

■ In appellant's tenth point of error, he contends the public disclosure provisions of Chapter 62 of the Texas Code of Criminal Procedure violate the Texas Constitution because the statute constitutes outlawry. *See* TEX.CODE CRIM. PROC. ANN. arts. 62.01–62.10 (Vernon Supp.2002). The Texas Constitution provides:

No citizen shall be outlawed. No person shall be transported out of the State for any offense committed within the same. This section does not prohibit an agreement with another state providing for the confinement of inmates of this State in the penal or correctional facilities of that state.

TEX. CONST. art. I, § 20.

The statute, however, does not outlaw appellant, nor does it deny him the right to redress in the court system. *See Gone v. State,* 54 S.W.3d 27, 37 (Tex.App.-Texarkana 2001, pet. ref'd). Moreover, the statute is designed to protect the public and merely imposes certain duties as a result of a conviction. *Dean v. State,* 60 S.W.3d 217, 226 (Tex.App.-Houston [14th Dist.] 2001, pet. filed). We hold the sex-offender registration statute does not constitute outlawry under the Texas Constitution.

We overrule appellant's tenth point of error.

### Conclusion

We affirm the judgment of the trial court.