Opinion issued May 20, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00669-CR




MICHAEL LENO VITELLO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 940095




MEMORANDUM OPINION

          Appellant, Michael Leno Vitello, was charged by indictment with the felony
offense of aggravated robbery, enhanced with one prior felony conviction. A jury
found appellant guilty. Appellant pleaded true to the enhancement paragraph, and the
jury assessed punishment at 99 years’ confinement. In four issues, appellant contends
that the trial court erred by (1) allowing the jury to consider a transcript of an
audiotape recording, (2) limiting cross-examination of a State’s witness, (3) not
declaring a mistrial following the State’s comment on appellant’s post-arrest silence,
and (4) permitting improper punishment-phase closing argument by the State. In a
fifth issue, appellant contends that he was denied effective assistance of counsel. We
affirm.
BackgroundAround early August 2002, while working undercover for the Houston Police
Department (HPD) Narcotics Division, Officer Dale Crawford met Daniel Polk at a
Houston, Texas nightclub. Crawford attempted to purchase a single tablet of the drug
Ecstasy, but Polk told him that he only dealt in “K-packs,” or 1000 tablets of Ecstasy
at a time. Polk gave Crawford his telephone number.
          Six weeks later, on September 12, Crawford called Polk and agreed to purchase
500 tablets of Ecstasy for $5000 and two ounces of cocaine for $1200. Polk agreed
to meet Crawford at 8:00 p.m. in the parking lot of a mall. Polk was to arrive alone
with the narcotics and was to exchange them for $6200 in cash money from
Crawford.
 
          Crawford arrived at the mall in a Jeep Liberty, parked, and waited for Polk. 
Crawford wore an undercover wire that transmitted audio surveillance to officers,
who listened to and recorded Crawford’s conversations. Polk approached Crawford’s
Jeep and, after checking out the surroundings, sat down inside the vehicle. Polk
asked Crawford for identification. When Crawford produced a probationer’s
identification card, Polk said, “You’re one of us.” Polk then made a telephone call
and, while speaking on the telephone, asked Crawford to show him the money. After
Crawford handed Polk $2000, Polk said into the telephone, “everything is legit.” 
Polk said that he was waiting on “his guy” to arrive with the Ecstacy and cocaine and
directed Crawford to drive the Jeep to different parking spots in the parking lot. Polk
eventually directed Crawford to park near a dump truck.
          When appellant approached Crawford’s Jeep a few minutes later, Polk told
Crawford that appellant was “my boy.” Appellant carried a backpack. Appellant
spoke with Polk outside the Jeep and eventually got into the back seat of the Jeep,
directly behind Crawford. Polk instructed appellant to show the “stuff” to Crawford. 
Appellant opened the backpack for Crawford to examine its contents. When
Crawford looked into the backpack and noticed it was empty, Polk pulled out a
previously concealed gun and held it to Crawford’s head.
          As Crawford pleaded with Polk not to shoot him, appellant demanded to know
where the rest of the money was and grabbed the keys out of the Jeep’s ignition. 
Crawford stated that the money was in a side panel in the back of the Jeep. While
appellant located the money, Polk kept his firearm pointed at Crawford’s head. 
Crawford believed that appellant also had a firearm because both he and Polk referred
to killing Crawford by telling the other to “cap him.”
          Officer Neilus, who was listening to Crawford’s conversations over the wire
Crawford wore, alerted the other surveillance officers that a “rip” was in progress. 
Texas Department of Public Safety (DPS) Sergeant Oscar Enriquez, who was acting
as a surveillance officer, and other surveillance officers converged on the scene. 
Enriquez saw Polk standing outside Crawford’s Jeep and pointing a gun towards the
Jeep’s interior. When Enriquez approached, Polk dropped his gun inside the Jeep and
ran from the scene until another officer shot him. Crawford, who was inside the Jeep
with appellant, grabbed the gun that Polk had dropped and fired at appellant. Not
knowing who was shooting inside the Jeep, Enriquez shot through its windows,
causing multiple gunshot wounds to appellant.
Audiotape Transcript
          In his first issue, appellant contends that the trial court erred by permitting a
transcript of the audiotape recording that was made from the wire that Crawford wore
because the trial court did not verify the accuracy of the transcript and did not
sufficiently instruct the jury regarding use of the transcript. The State responds that
appellant waived error because his issues on appeal do not comport with his
objections at trial.
          To preserve a complaint for appellate review, a party must have presented a
timely request, objection, or motion stating the specific grounds for the ruling desired,
unless the grounds are apparent from the context of the objection. Tex. R. App. P.
33.1(a). An objection that states one legal theory will not support a different legal
theory on appeal. Broxton v. State, 909 S.W.2d 912, 917 (Tex. Crim. App. 1995);
Flores v. State, 125 S.W.3d 744, 746-47 (Tex. App.—Houston [1st Dist.] 2003, no
pet.). Therefore, when a complaint on appeal does not comport with the objection
made at trial, no error is preserved for appellate review. Wilson v. State, 71 S.W.3d
346, 349 (Tex. Crim. App. 2002); Flores, 125 S.W.3d at 746-47.
          Appellant’s trial counsel told the court that he had a copy of the audiotape, had
listened to it, and had no objections to the audiotape itself. However, he objected to
use of the transcript of the audiotape as follows:
I believe it is bolstering and I believe the primary evidence is the tape
and this is the prosecutor and her witness’ rendition of what the tape
says. But the tape is clear, the jurors can decide for themselves what it
says.
 
Also, I point out that the statements made on the tape are attributable to
various individuals and, in my opinion, are not always accurate . . . .

The State had offered the transcript only for the limited use of assisting the jurors
while they listened to the audiotape. The transcript was not introduced into evidence
and is not part of the appellate record. The trial court gave the following limiting
instruction to the jury:
The transcripts that you will hear, jury, is [sic] not evidence. They are
simply offered for whatever assistance they may be to you as you listen
to the tape. But again, the papers you hold there are not evidence.

          Appellant thus did not contend, in the trial court, that the court was required
to verify the accuracy of the transcript before ruling on the use of the transcript. 
Moreover, appellant never objected that the trial court’s limiting instruction was
insufficient. We conclude that appellant’s issues on appeal do not comport with his
objections at trial and that appellant has therefore failed to preserve error for review. 
See Wilson, 71 S.W.3d at 349; Flores, 125 S.W.3d at 746-47.
          We overrule appellant’s first issue.
Ineffective Assistance of Counsel
          In his second point of error, appellant contends that he was denied effective
assistance of counsel. The standard for evaluating ineffective assistance of counsel
claims is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble
v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). To be
entitled to a new trial because his trial counsel was ineffective, appellant must show
that (1) counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment, and that (2), but for counsel’s error,
the result of the proceedings would have been different. See Strickland, 466 U.S. at
687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93.
          In determining whether the Strickland test has been met, we focus on the
totality of the representation afforded and not on individual, alleged errors. See Ex
parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). The defendant bears
the burden to prove ineffective assistance of counsel. Strickland, 466 U.S. at 687,
104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A defendant must overcome the
presumption that the challenged action might be considered sound trial strategy under
the circumstances. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Gamble, 916
S.W.2d at 93. A claim of ineffective assistance of counsel must be firmly supported
in the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). An
appellate court will not speculate to find an attorney ineffective. Gamble, 916 S.W.2d
at 93.
          Appellant asserts that he was denied effective assistance of counsel because his
trial counsel did not (1) challenge the admissibility of the audiotape recording, (2)
have the audiotape redacted to delete an extraneous narcotics transaction that was
contained on the tape recording, but was unrelated to appellant’s incident, and (3)
offer the transcript into evidence as part of the appellate record. But because
appellant did not file a motion for new trial, nothing in the record demonstrates why
appellant’s counsel did not challenge the admissibility of the audio recording, request
that the audiotape be redacted, or offer a copy of the transcript for the appellate
record. To find trial counsel ineffective under these circumstances would call for this
Court to speculate, which we will not do. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Gamble, 916 S.W.2d at 93; see also Henderson v. State, 29
S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (holding that trial
counsel was not ineffective when record was silent as to trial counsel’s reasons for
declining to request instruction on concurrent causation). Moreover, appellant has
not established that, but for these actions by trial counsel, the results of the
proceedings would have been different.
          We overrule appellant’s second issue.
Cross-Examination Limitation
          In his third issue, appellant contends that the trial court erred by limiting the
cross-examination of Sergeant Oscar Enriquez. The State responds that appellant did
not preserve error for review.
          Defense counsel’s cross-examination of Sergeant Enriquez revealed the
following testimony:
QUESTION:Have you reviewed the taped conversation that took
place that night?
 
ANSWER:Yes.

          . . .

 
QUESTION:Have you reviewed the transcript of the tape the
State prepared?
 
ANSWER:No.
 
QUESTION:Let me ask you, Sergeant–
 
THE STATE:I object at this point on the basis he said he hasn’t
reviewed the transcript. If counsel wants to ask him
a question about the transcript, my objection is the
exhibit is the best evidence.
 
THE COURT:Sustain the objection.
          Appellant contends that he was precluded from showing, through Sergeant
Enriquez, that the transcript of the audio recording was incorrect. Error in the
exclusion of evidence may not be urged unless the proponent perfected an offer of
proof or a bill of exceptions that demonstrates the substance of the excluded
evidence. Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999); see Tex. R.
Evid. 103(a)(2). Because appellant did not make an offer or bill, the record does not
show how Sergeant Enriquez would have testified. Without a showing of what
Enriquez’s testimony would have been, or an offer of a statement concerning what the
excluded testimony would show, nothing is presented for review. See Guidry, 9
S.W.3d at 153.
          Appellant further contends that the trial court’s refusal to permit cross-examination of Enriquez violated the Confrontation Clause of the Sixth Amendment
and the Due Process Clause of the Fourteenth Amendment to the United States
Constitution. See U.S. Const. amends. VI, XIV. But appellant never objected to the
trial court’s ruling on that basis. Constitutional errors may be waived if not objected
to at trial. Dewberry v. State, 4 S.W.3d 735, 752 n. 16 (Tex. Crim. App. 1999);
Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); see Tex. R. App. P.
33.1(a). By not objecting in the trial court, appellant waived review of his alleged
constitutional error.
          We overrule appellant’s third issue.
Post-Arrest Silence
          In his fourth issue, appellant contends that the trial court erred by refusing to
declare a mistrial when the State commented on appellant’s post-arrest silence to the
police. We review a trial court’s denial of a motion for mistrial under an abuse-of-discretion standard. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).
          During the State’s cross-examination of appellant, the following exchange
occurred:
QUESTION:Certainly with regards to the half a kilo of cocaine
that you say was in your car, you never gave the
police any information regarding that car, did you?
 
DEFENSE:Objection, Your Honor. May we approach?

          . . .
 
THE COURT:I sustained the objection.
 
DEFENSE:–to post-arrest statement and at this point, Your
Honor, I’d ask the jury be instructed to disregard.
 
THE COURT:All right. (To the jury) The jury will disregard the
last question that was heard.
 
DEFENSE:And I’d move for a mistrial.
 
THE COURT:That will be denied.
          Evidence concerning a defendant’s post-arrest silence violates the Fifth
Amendment’s prohibition against self-incrimination. U.S. Const. amend. V. 
Generally, an instruction to disregard will cure any error associated with a comment
on a defendant’s post-arrest silence. Dinkins v. State, 894 S.W.2d 330, 356 (Tex.
Crim. App. 1995). An instruction to disregard is considered effective unless the facts
of the particular case suggest the impossibility of withdrawing the impression
produced on the minds of the jury. Rosas v. State, 76 S.W.3d 771, 776 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). Here, the court promptly instructed the
jury to disregard the question. Additionally, the question was never answered and the
State did not refer again to appellant’s post-arrest silence, either during cross-examination or during closing argument. We conclude that the court’s instruction to
disregard sufficiently cured any possible harm associated with the State’s comment
on appellant’s post-arrest silence.
          We overrule appellant’s fourth issue.
Punishment-Phase Argument
          In his fifth issue, appellant contends that the State’s jury argument during the
punishment phase was improper because the prosecutor argued that the community
demanded a specific punishment. To preserve jury-argument error, an appellant must
(1) object and obtain an adverse ruling, (2) request an instruction to disregard the
statement, and (3) move for a mistrial. Cook v. State, 858 S.W.2d 467, 473 (Tex.
Crim. App. 1993).
          Appellant acknowledges that he did not object to the statement, but contends
that Almanza requires that we review the allegedly improper argument for egregious
harm. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (holding
that appellate courts review jury-charge error even when defendant fails to object to
trial court’s charge). Almanza has not been extended to claims of jury-argument
error. A defendant who does not object to a jury argument forfeits his right to
complain about the argument on appeal. Valencia v. State, 946 S.W.2d 81, 82 (Tex.
Crim. App. 1997); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). 
Because appellant did not object to the State’s argument he has preserved nothing for
review. See Valencia, 946 S.W.2d at 82; Washington v. State, 127 S.W.3d 111, 115-16 (Tex. App.—Houston [1st Dist.] 2003, no pet.).
          We overrule appellant’s fifth issue.
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.



                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).