In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-021 CR


____________________



WILLIAM RAY ILES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 03-12-09018-CR






 MEMORANDUM OPINION 


 This is an appeal from a denial of a motion to recuse the trial judge. Finding no abuse
of discretion, we affirm.

Background


 Pursuant to a plea bargain agreement, William Ray Iles pled guilty to aggravated
sexual assault. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006). The State agreed
to abandon a second count, aggravated kidnapping, and recommend a punishment cap of
thirty years' confinement. Before his punishment hearing began, Iles filed his motion to
recuse Judge Kathleen Hamilton. The presiding administrative judge assigned the motion
to another judge for hearing. See Tex. R. Civ. P.18a(d). The assigned judge denied Iles's
motion to recuse. After hearing punishment evidence, the trial court sentenced Iles to thirty
years in prison. Iles brings one issue; he contends the trial judge and the judge who presided
over the recusal hearing erred in denying his motion to recuse. 

Standard of Review


 The appellate court reviews the denial of a motion to recuse under an abuse of
discretion standard. Tex. R. Civ. P. 18a(f); Wesbrook v. State, 29 S.W.3d 103, 120 (Tex.
Crim. App. 2000); Kemp v. State, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992). When bias
is the basis of the motion, recusal is appropriate if the movant shows that a reasonable person
with knowledge of the circumstances would harbor doubts as to the impartiality of the trial
court and shows that the bias is of such a nature and extent that allowing the judge to serve
would deny the defendant's right to due process of law. Rosas v. State, 76 S.W.3d 771, 774
(Tex. App.-Houston [1st Dist.] 2002, no pet.) (citing Kemp, 846 S.W.2d at 305). "An
appellate court should not reverse a trial judge whose ruling on the motion was within the
zone of reasonable disagreement." Wesbrook, 29 S.W.3d at 120-21. 

 In his motion to recuse, Iles contended that the judge's impartiality might reasonably
be questioned or that she had a personal bias or prejudice concerning the subject matter or
a party because the complainant was referred to the Montgomery County Women's Center. 
See Tex. R. Civ. P. 18b(2)(a), (b). (1)
 

 At the recusal hearing, the only evidence that Iles presented in support of recusal
consisted of his attorney's affidavit. The affidavit stated: 

 I, Tony Duckworth, being over the age of eighteen (18), of sound mind, never
before convicted of a felony and otherwise capable of making this affidavit,
do hereby swear and affirm that I have personal knowledge of the following
facts all of which are true:

 

 1. Judge Kathleen Hamilton[,] as a practicing attorney in
Montgomery County prior to being elected to the 359th Judicial
District Court[,] was the Chief Counsel for the Montgomery
County Women's Center.

 

 2. On January 22, 2003, while sitting as the District Judge . . . in
The State of Texas vs. Stephen Harper, Cause 02-10-07175,
Judge Hamilton stated off the record while in open court that all
judges bring their personal prejudices and bias to the bench and
that due to her work history her prejudices and bias lay in the
area of family violence and sexual assault.


 3. According to the Pre-Sentence Investigation [in this cause], the alleged
victim was referred to Montgomery County Women's Center for
assistance. 



 Because Duckworth was present at the recusal hearing, the State called him as a
witness to cross-examine him on his affidavit. Under cross-examination, Duckworth
admitted that the statement he attributed to Judge Hamilton did not indicate she would give
preferential treatment to victims or would disregard defendants' rights. As to the other facts
presented in counsel's affidavit, they show that at least by January 22, 2003, Judge Hamilton
was not acting as chief counsel for the Montgomery County Women's Center but instead was
a sitting judge. Iles committed the offense on September 15, 2003, and the victim
subsequently was referred to the Center. 

 Notable also is the lack of any evidence that the judge had any personal knowledge
about the case, any prejudice against Iles, or any bias for the victim. Iles presented no other
witnesses to bolster his contention that the judge had a bias in the area of family violence and
sexual assault. The evidence also showed that Judge Hamilton did not refer the victim to the
Center.

 In this case, Iles failed to demonstrate at the hearing, as was his burden, that a
reasonable person with knowledge of the circumstances would harbor doubts as to the
judge's impartiality and that the alleged bias was of such a nature and extent as to deny his
right to due process of law. See Kemp, 846 S.W.2d at 305; Rosas, 76 S.W.3d at 774. 
Because the lower court's denial of the motion to recuse Judge Hamilton was "within the
zone of reasonable disagreement that the presumption of judicial impartiality was not
overcome by appellant," we find no error in the court's ruling. Wesbrook, 29 S.W.3d at 121. 
 Appellant's issue is overruled and the trial court's judgment is affirmed.

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on January 10, 2007

Opinion Delivered March 21, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. In pertinent part, Rule 18b(2) requires a judge to recuse herself in any proceeding
if: "(a) [her] impartiality might reasonably be questioned; [or] (b) [she] has a personal
bias or prejudice concerning the subject matter or a party, or personal knowledge of
disputed evidentiary facts concerning the proceeding[.]" Tex. R. Civ. P. 18b(2).