COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-08-382-CR

 

 

GEORGE GAAL                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant
George Gaal appeals his felony conviction for driving while intoxicated
(DWI).  See Tex. Penal Code Ann. ' 49.04(a)
(Vernon 2003), ' 49.09(b)(2) (Vernon Supp.
2009).  In one of his four points, he
contends that the trial judge should have been recused.  We reverse and remand for a new trial.








Background Facts

Near
midnight on September 23, 2007, Gayle Cook was riding in a pickup with her
husband on Milam Road toward Interstate 35 when she saw a truck stopped in the
middle of the road and saw Gaal on the ground in front of the truck.  It appeared to Cook that Gaal=s truck
had hit a guardrail and was damaged. 
Cook approached Gaal to ask him if he was okay, but Gaal was disoriented
and did not appropriately answer Cook=s
questions.  Cook and her husband went to
a truck stop that was close by and called 911 on Cook=s
cellular phone, but while they were doing so, Gaal began to drive away.

Cook and
her husband followed Gaal, who was driving slowly and was swerving.  Gaal eventually drove into a ditch, but then
he drove back onto the road at a very fast speed before eventually pulling into
a parking lot and stopping his truck. 
Cook had continued her contact with 911, and a Denton police officer
eventually arrived at the parking lot and approached Gaal=s truck.
The officer noticed that Gaal had slurred speech, that he smelled like alcohol,
and that he had bloodshot eyes.  She also
saw hydrocodone in Gaal=s truck. Another Denton police
officer arrived at the parking lot and asked Gaal to take a standardized field
sobriety test and two nonstandardized tests, all of which he failed.  The officer arrested Gaal and found an empty
bottle of Crown Royal and two empty beer bottles in his truck.








In
December 2007, a Denton County grand jury indicted Gaal for DWI; the indictment
alleged that Gaal had two prior DWI convictions.  The parties filed various pretrial documents;
for instance, Gaal filed a motion to recuse the trial judge based on a comment
that he made about Gaal=s potential plea bargain.[1]  The motion to recuse was denied, and Gaal=s trial
began in August 2008.  Gaal initially
pled not guilty and filed his application for community supervision.  After the jury was selected, Gaal pled
guilty.

The parties
presented evidence concerning Gaal=s
punishment; Gaal testified and asked the jury to place him on community
supervision.  After the parties presented
closing arguments, the jury assessed Gaal=s
punishment at ten years= confinement.  Gaal filed a motion for new trial, but the
trial court denied the motion, and Gaal filed his notice of appeal.

Recusal

In his
fourth point, Gaal contends that the trial judge should have been recused.  We agree.

Standard of review and
applicable law








We apply
the rules of civil procedure to review the denial of a motion to recuse in a
criminal case.  De Leon v. Aguilar,
127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding); Arnold v. State,
853 S.W.2d 543, 544 (Tex. Crim. App. 1993); see Kniatt v. State, 239
S.W.3d 910, 912B13 (Tex. App.CWaco
2007, no pet.) (op. on reh=g).  In doing so, we review the denial of a motion
to recuse for an abuse of discretion. 
Tex. R. Civ. P. 18a(f); Wesbrook v. State, 29 S.W.3d 103, 120
(Tex. Crim. App. 2000) (plurality op.), cert. denied, 534 U.S. 944
(2001); Kemp v. State, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992), cert.
denied, 508 U.S. 918 (1993).  

To
determine whether the court hearing the motion to recuse abused its discretion,
we must determine whether it acted without any guiding rules or principles.  Abdygapparova v. State, 243 S.W.3d 191,
197B98 (Tex.
App.CSan
Antonio 2007, pet. ref=d); Mosley v. State, 141
S.W.3d 816, 834 (Tex. App.CTexarkana
2004, pet. ref=d) (adding that the Amere
fact that a trial court may decide a matter within its discretionary authority
in a different manner than an appellate judge does not demonstrate [an abuse of
discretion]@).  In other words, Aan
appellate court should not reverse a trial judge whose ruling on the motion was
within the zone of reasonable disagreement.@  Kemp, 846 S.W.2d at 306.  In reviewing the denial of the motion, we
must consider the totality of the evidence elicited at the recusal
hearing.  Id.








A judge
shall be recused if, among other reasons, the judge=s Aimpartiality
might reasonably be questioned@ or the
judge Ahas a
personal bias or prejudice concerning the subject matter or a party.@  Tex. R. Civ. P. 18b(2).  As the court of criminal appeals has
explained,

A trial judge ruling on a motion alleging bias as a ground for
disqualification must decide whether the movant has provided facts sufficient
to establish that a reasonable man, knowing all the circumstances involved,
would harbor doubts as to the impartiality of the trial judge.  Bias may be a ground for disqualification
only when it is shown to be of such nature, and to such extent, as to deny the
defendant due process of law. 

 

Kemp, 846
S.W.2d at 305 (citations omitted); see Wesbrook, 29 S.W.3d at 121; Rosas
v. State, 76 S.W.3d 771, 775 (Tex. App.CHouston
[1st Dist.] 2002, no pet.) (applying the reasonable person/due process
standard). 

Analysis








According
to the State=s attorney=s
statements during the hearing on Gaal=s motion
to recuse, in June 2008, Gaal=s
original trial counsel had negotiated a plea bargain of two years=
confinement with the State. Gaal arrived at a pretrial hearing on June 30
with new counsel even though the State and the trial judge expected Gaal to
plead guilty under the plea bargain at the hearing.  Gaal eventually rejected the plea bargain and
chose to not plead guilty, and the State rescinded its plea bargain offer.[2]  At that point, the trial judge said, AAll
right.  We=re
supposed to have a plea here today.  It
appears that Mr. Gaal does not want to plea. 
For the record, I will not accept any plea bargain in this matter,
unless it=s for the maximum term of ten
years.@ 








Gaal
filed his motion to recuse on July 3. 
Gaal=s recusal motion alleged that
the trial judge was biased or prejudiced against him.  It also asserted that the trial judge had
denied Gaal due process because the Aadmonition
by the Court . . . clearly place[d] the Court in an adverse position to [Gaal].@
On August 1, the judge assigned to hear the recusal motion held a hearing
in which Gaal=s counsel argued in part, AI don=t
believe that Mr. Gaal can receive due process if his presiding judge will not
consider the entire range of punishment . . . . 
It removes [Gaal] from seeking to the court relief from punishment, and
leaves [him] one alternative to go to the jury.@  The recusal judge denied Gaal=s
motion.








Due
process requires a neutral and detached trial court.  See Brumit v. State, 206 S.W.3d 639, 645
(Tex. Crim. App. 2006); Jaenicke v. State, 109 S.W.3d 793, 796 (Tex.
App.CHouston
[1st Dist.] 2003, pet. ref=d) (op.
on reh=g).  Thus, a trial court denies a defendant due process
when it arbitrarily, without any evidence before it, refuses to consider a
portion of the permissible range of punishment.  Ex parte Brown, 158 S.W.3d 449, 456
(Tex. Crim. App. 2005); McClenan v. State, 661 S.W.2d 108, 110 (Tex.
Crim. App. 1983), overruled on other grounds by De Leon, 127 S.W.3d at 5B6;
Cole v. State, 931 S.W.2d 578, 579B80 (Tex.
App.CDallas
1995, pet. ref=d).  For example, the Houston (First
District) Court of Appeals, relying on McClenan, held that a trial judge
should have been recused when, in response to questioning regarding whether the
judge would accept a plea bargain of deferred adjudication, the judge said, ANo, and
if the jury gives her probation, I=ll give
her jail time.@ 
Norton v. State, 755 S.W.2d 522, 523B24 (Tex.
App.CHouston
[1st Dist.] 1988) (italics omitted), pet. ref=d, 771
S.W.2d 560 (Tex. Crim. App. 1989). Similarly, the Dallas Court of Appeals held
that a trial court denied the defendant due process by failing to consider the
entire punishment range when it told the defendant at a deferred adjudication
hearing that it would impose a twenty-year sentence if probation was revoked
and then imposed that sentence once probation was revoked.  Jefferson v. State, 803 S.W.2d 470, 471B73 (Tex.
App.CDallas
1991, pet. ref=d).

        Like
the decisions in Norton and Jefferson, we conclude that under the
facts of this case, the trial judge=s
comment that he would only consider a plea bargain for the maximum punishment
forecasted his inability to consider the full punishment range and denied Gaal
due process; therefore, we hold that the recusal judge abused his discretion by
denying Gall=s motion to recuse.  In so holding, we recognize that a trial
judge is not required to accept any particular plea bargain or even to allow
parties to engage in the plea bargain process. State ex rel. Bryan v.
McDonald, 662 S.W.2d 5, 8B9 (Tex.
Crim. App. 1983) (orig. proceeding); Morano v. State, 572 S.W.2d 550,
551 (Tex. Crim. App. [Panel Op.] 1978). 
Thus, we certainly do not hold that a trial judge should be recused
merely for rejecting a particular plea bargain or limiting the plea bargain
process. 








However,
we conclude that the trial judge in the limited circumstances of this case
exceeded his general authority to reject plea bargains.  Here, the record indicates that the trial
judge had allowed the plea bargain process to proceed and had initially
considered approving a plea bargain for the minimum term of confinement but
then reacted to Gaal=s decision not to plead guilty
by arbitrarily foreclosing the possibility of any plea bargain other than one
for the maximum punishment, even though there was no particular plea bargain
presented for the judge=s consideration at that time.[3]  This was improper because A[t]he
only proper role of the trial court in the plea‑bargain process is
advising the defendant whether it will >follow
or reject= the bargain between the








[S]tate and the defendant.@  Moore v. State, 295 S.W.3d 329, 332
(Tex. Crim. App. 2009); see Tex. Code Crim. Proc. Ann. art. 26.13(a)(2)
(Vernon Supp. 2009) (explaining that Athe
court shall inquire as to the existence of any plea bargaining agreements
between the state and the defendant and, in the event that such an agreement
exists, the court shall inform the defendant whether it will follow or
reject such agreement) (emphasis added); Perkins v. Court of Appeals for the
Third Supreme Judicial Dist. of Tex., 738 S.W.2d 276, 282 (Tex. Crim. App.
1987) (orig. proceeding) (explaining that a trial judge Ashould
not participate in any plea bargain agreement discussions until an agreement
has been reached between the prosecutor and the defendant@ because
Athe
trial judge should always avoid the appearance of any judicial coercion or
prejudgment of the defendant@); see
also Kincaid v. State, 500 S.W.2d 487, 490 (Tex. Crim. App. 1973)
(stating that it is Aunjudicial and contrary to
public policy for the trial judge to commit himself as to his decision prior to
[a] hearing@).








The
State notes in its brief that during the hearing on Gaal=s motion
for new trial, the trial judge said that his statement about Gaal=s
potential plea bargain did not mean that he could not consider the full range
of punishment at trial.[4]  But that comment occurred after the recusal
judge made his decision to deny Gall=s
recusal motion, and it strains reason to believe that under the circumstances
of this caseCin which the trial judge reacted
against Gaal by foreclosing a plea bargain for all but the maximum term
specifically because he chose not to plead guilty[5]Cthe
judge would have assessed less than the maximum term if Gaal had nonetheless
pled guilty without a plea bargain before the judge at trial.

Finally,
we note that at the recusal hearing, the recusal judge said, A[W]hile
a bias or prejudice is not something that a judge should have, it is permitted
as long as it=s not extra-judicial.@  However, as the United States Supreme Court
has explained,

It is wrong in theory . . . to suggest, as many opinions have, that Aextrajudicial source@ is the only basis
for establishing disqualifying bias or prejudice.  It is the only common basis, but not
the exclusive one, since it is not the exclusive reason a predisposition
can be wrongful or inappropriate.  A
favorable or unfavorable predisposition can also deserve to be characterized as
Abias@ or Aprejudice@ because, even though it
springs from the facts adduced or the events occurring at trial, it is so
extreme as to display clear inability to render fair judgment.








Liteky v. United States, 510
U.S. 540, 551, 114 S. Ct. 1147, 1155 (1994); see also Kniatt, 239 S.W.3d
at 914, 920 (stating that Aclaims
of questioned impartiality and personal knowledge under [the rules of civil
procedure] do not always require a showing of bias or partiality arising from
an extrajudicial source@ and holding that recusal for
judicial remarks or conduct evidencing bias may stem from facts arising within
the context of a judicial proceeding when the remarks show deep-seated
favoritism that make a fair judgment impossible); Roman, 145 S.W.3d at
322; Markowitz v. Markowitz, 118 S.W.3d 82, 87 (Tex. App.CHouston
[14th Dist.] 2003, pet. denied) (citing Liteky and explaining
similarly), cert. denied, 543 U.S. 820 (2004).

For all
of these reasons, we hold that the recusal judge abused his discretion by
deciding that the trial judge should not be recused, and we sustain Gaal=s fourth
point.[6]  Having sustained his fourth point, we will
not address his first three points.  See
Tex. R. App. P. 47.1; Rotenberry v. State, 245 S.W.3d 583, 589 (Tex.
App.CFort
Worth 2007, pet. ref=d).








Conclusion

 

Having
sustained Gaal=s fourth point regarding the
denial of his motion to recuse, we reverse the trial court=s
judgment and remand this case for a new trial before a different judge.  See Tex. R. App. P. 43.2(d); State
ex rel. Millsap v. Lozano, 692 S.W.2d 470, 479 n.12 (Tex. Crim. App. 1985)
(orig. proceeding) (noting that rule of civil procedure 18b affords Aa trial
before a different judge@); see also In re Union Pac.
Res. Co., 969 S.W.2d 427, 428 (Tex. 1998) (AIf the
appellate court determines that the judge presiding over the recusal hearing
abused his or her discretion in denying the motion and the trial judge should
have been recused, the appellate court can reverse the trial court=s
judgment and remand for a new trial before a different judge.@).

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, GARDNER, and
WALKER, JJ. 

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 28, 2010











[1]The details regarding
Gall=s motion to recuse and
the trial judge=s comment are included below.





[2]Gaal=s counsel said during the
recusal hearing that on June 30, he was informed that it would be necessary for
Gaal

 

to plea that day or the
offer would be removed off the table. Mr. Gaal requested the Court, off
the record, to either do a bifurcated plea in which he could plea one day and
then come back and have sentencing the next because he is a business owner and
would need to place his assets into receivership while he was
incarcerated.  The Court stated that it
was not in its wisdom to do that.  And
then after that, a request was made for a few days, and that was also denied
for the same reasons.  And then after
that, we were called before the Honorable Court to give our announcement as to
the State=s offer, which Mr. Gaal
refused.

 

.
. . .

 

[W]hen
we entered the courtroom, the offer was two years on the table, and . . . when
[Gaal] stated that he didn=t want to plea on that particular day, the offer
was removed from the table from the State at that time.

 

The
State has not disputed the veracity of these facts as recited by Gaal=s counsel.





[3]There is no indication
that the trial judge=s statement that he would
consider only the maximum punishment in a plea bargain was caused by anything
other than Gaal=s rejection of the State=s plea bargainCsuch the trial judge=s consideration of facts
about the case that warranted a higher punishment compared to other cases, Gaal=s conduct while out of
confinement on bond, or Gaal=s prior convictions.  See Roman v. State, 145 S.W.3d 316,
319, 321 (Tex. App.CHouston [14th Dist.]
2004, pet. ref=d) (stating that Arefusal to consider the
entire range of punishment would not be arbitrary if certain facts were proved,
and other mitigating facts not proved@ and that only Aan arbitrary
refusal to consider the entire range of punishment would constitute a denial of
due process@); Salinas v. State,
9 S.W.3d 338, 341 (Tex. App.CSan Antonio 1999, no pet.) (explaining that
judges are Ahuman and allowed to be
angry as long as their judgment is fair and supported by law@).





[4]The trial judge said, 

 

And I don=t know how many times
[Gaal=s counsel] came back in
the courtroom and asked to have so many days after he pled [to finish his
business affairs] or whatever, and I said, no, the deal was that if he did not
plead today, that, in fact, I would not take a plea bargain unless it was for
the maximum.  Now, that did not preclude
me hearing this case and deciding within the punishment range, two to ten
years.  I was just not going to take a
plea bargain.





[5]Defendants have the right
to plead not guilty.  See Mendez v.
State, 138 S.W.3d 334, 343B44, 350 (Tex. Crim. App. 2004).





[6]Trial before a biased judge
is structural error that is not subject to a harm analysis.  See Johnson v. United States, 520 U.S.
461, 468B69, 117 S. Ct. 1544, 1549B50 (1997); De Leon,
127 S.W.3d at 7 (citing Neder v. United States, 527 U.S. 1, 8, 119 S.
Ct. 1827, 1833 (1999)); Kniatt, 239 S.W.3d at 920 n.17.