**AFFIRMED and Opinion Filed May 20, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00276-CR**

**STEVEN JAMES MORRIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 072064**

# MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

A jury found appellant guilty of continuous sexual abuse of a child and assessed punishment at life in prison. In a single issue, appellant asserts the trial court erred by allowing testimony from multiple outcry witnesses. Concluding appellant's arguments are without merit, we affirm the trial court's judgment.

## I. BACKGROUND

CC outcried that appellant had abused him on numerous occasions when his parents weren't home. Following an investigation, appellant was charged with sexual abuse of a child under fourteen.

Detective Kenna Norris testified at trial about her interview with CC and her investigation. During that interview, CC disclosed that appellant had used his hand, under the clothing, to touch CC's penis, and that this had occurred on numerous occasions.

Dr. Purvi Patel testified, without objection, about her psychological evaluation of CC. Her written report, detailing her evaluation, was admitted into evidence, also without objection.

Teresa Lancaster, a licensed professional counselor and sex-offender treatment provider, testified without objection about CC's diagnosis, treatment, and written statements CC made about who molested him. The records from which she testified were admitted into evidence with no objection.

CC also testified at trial. Appellant, CC's grandfather, would babysit for CC when his parents were at work. During that time, appellant touched CC on his "penis and butt" with his hands, mouth, and penis on numerous occasions. This first occurred when CC was eleven years old and in the fourth grade. Appellant also had CC touch appellant's penis with CC's mouth and hand. The abuse continued from the time CC was "halfway into fourth grade" until he was "halfway into fifth grade."

When the trial concluded, the jury found appellant guilty of continuous sexual abuse of a child under fourteen and assessed punishment at life in prison. The court entered a final judgment in accordance with the jury's verdict. This timely appeal followed.

## II. ANALYSIS

Appellant's sole issue challenges the admission of testimony from Patel, Lancaster, and Norris. According to appellant, the testimony was hearsay, and it was error to allow multiple outcry witnesses because they all testified about the same instances of abuse.

### A.    Patel's and Lancaster's Testimony

Both Patel and Lancaster testified without objection. To preserve error under Rule 33.1(a), the record must show that: (1) the complaining party made a timely and specific request, objection, or motion; and (2) the trial court either ruled on the request, objection, or motion, or refused to rule and that complaining party objected to that refusal. TEX. R. APP. P. 33.1; *Clarke v. State*, 270 S.W.3d 573, 582 (Tex. Crim. App. 2008) (argument must be presented to trial court to preserve error for appellate review). Because appellant did not object to the testimony at trial, his complaint presents nothing for our review. *See Villalobos v. State*, No. 03-13-00687-CR, 2015 WL 5118369, at *7 (Tex. App.—Austin Aug. 26, 2015, pet. ref'd) (mem. op., not designated for publication); *Ross v. State*, 76 S.W.3d 771, 776–77 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Moreover, even if appellant had preserved the alleged error, his argument fails. Patel explained that CC's responses to her questions in the interview were necessary for her diagnosis of him. Likewise, the statements made in Lancaster's records were pertinent to CC's diagnosis and treatment. Statements made for the

–3–

purpose of medical diagnosis and treatment are an exception to the hearsay rule. *See* TEX. R. EVID. 803.4; *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

In addition, the same or similar statements were admitted through other evidence without objection. Appellant complains about the witnesses' testimony. But the hearsay statements forming the basis of that testimony were based on the witnesses' records that were admitted into evidence without objection. It is well settled that the improper admission of evidence is rendered harmless when other evidence proving the same fact is properly admitted elsewhere (or comes in elsewhere without objection). *See Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986). And in cases involving the improper admission of outcry testimony, the error is harmless when the victim testifies in court to the same or similar statements that were improperly admitted or other evidence setting forth the same facts is admitted without objection. *See, e.g., Allen v. State*, 436 S.W.3d 815, 822 (Tex. App.—Texarkana 2014, pet. ref'd); *Zarco v. State*, 210 S.W.3d 816, 833 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Here, CC testified without objection about the instances of abuse described in Patel's and Lancaster's testimony and records. Therefore, even if the trial court erred in admitting the testimony, the error was harmless.

## B. Norris's Testimony

Appellant also complains that Norris's hearsay testimony should not have been admitted because Norris was one of multiple outcry witnesses and "no hearing

–4–

was conducted outside the jury's presence" to determine the reliability of the hearsay statements.

"Hearsay statements, while generally inadmissible, may be admitted under specific conditions when public policy supports their use, and the circumstances surrounding the making of those statements pedigree their reliability." *Martinez v. State*, 178 S.W.3d 806, 810 (Tex. Crim. App. 2005). Article 38.072 of the Texas Code of Criminal Procedure, also known as the outcry statute, creates a hearsay exception in the prosecution of certain sexual offenses committed against children for the admission of a child's first outcry concerning sexual abuse to an adult. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072; *Bays v. State*, 396 S.W.3d 580, 581 n.1 (Tex. Crim. App. 2013). "Because it is often traumatic for children to testify in a courtroom setting, especially about sexual offenses committed against them, the Legislature enacted Article 38.072 to admit the testimony of the first adult a child confides in regarding the abuse." *Martinez*, 178 S.W.3d at 810–11. "This witness may recite the child's out-of-court statements concerning the offense, and that testimony is substantive evidence of the crime." *Id.* at 811.

The child's statement to the adult is commonly known as the "outcry" and the adult who testifies about the outcry is known as the "outcry witness." *See Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). Outcry testimony admitted pursuant to article 38.072 is considered substantive evidence, admissible for the truth of the matter asserted in the testimony. *See Bays*, 396 S.W.3d at 581 n.1.

The statute requires that: (1) on or before the fourteenth day before proceedings begin, the adverse party is (a) notified of the State's intent to offer the outcry statement, (b) provides the name of the outcry witness the State intends to offer, and (c) provides a written summary of the statement; (2) the trial court holds a hearing to determine whether the statement is reliable; and (3) the child testifies or is available to testify. TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b); *Bays*, 396 S.W.3d at 581 n.1.

When Norris testified, appellant objected that Norris was not the first adult to whom CC outcried. Contrary to appellant's assertion, the trial court conducted a hearing outside the jury's presence following the objection.[1]

During that hearing, defense counsel argued that the forensic interview recording showed that CC had first outcried to his mother. The trial judge reviewed the recording and the audio recording from Norris's body camera and noted that CC had not made a previous outcry. Appellant could not identify any other support for his argument that CC first outcried to his mother, and his objection was overruled.

Without identifying any specific testimony to support his argument, appellant now argues generally that the court erroneously allowed multiple outcry witnesses

---

[1] Appellant does not complain about the nature of or any alleged inadequacies in the hearing. He simply characterizes it as nonexistent. Courts have great discretion in how they manage their article 38.072 hearings. *Sanchez*, 354 S.W.3d at 488. The record reflects that such a hearing occurred here. To the extent that appellant argues that there was no hearing concerning Patel and Lancaster, appellant's failure to raise this complaint in the court below presents nothing for our review. *See Saunders v. State*, No. 03-19-00191-CR, 2021 WL 1031343, at *2 (Tex. App.—Austin Mar. 18, 2021, no pet.) (mem. op., not designated for publication).

–6–

to testify about the same instances of abuse. Appellant did not raise this complaint in the court below. Indeed, as we have previously noted, appellant did not object to Patel's or Lancaster's testimony on any grounds. His failure to do so results in forfeiture of the issue on appeal. *See Portwood v. State*, No. 14-19-00377-CR, 2020 WL 6072721, at *3 (Tex. App.—Houston [14th Dist.] Oct. 15, 2020, no pet.) (mem. op., not designated for publication).

Appellant's argument that the trial court did not make a reliability determination concerning Norris's testimony is misplaced. While Article 38.072 requires that the trial court find that an outcry statement is reliable, the Texas Court of Criminal Appeals has held that an implied finding is sufficient to comply with that requirement. *Villalon v. State*, 791 S.W.2d 130, 136 (Tex. Crim. App. 1990). Such a finding may be implied if, after conducting a reliability hearing, the trial court overrules the defendant's objections to the outcry evidence and holds that the testimony is admissible. *Gabriel v. State*, 973 S.W.2d 715, 718 (Tex. App.—Waco 1998, no pet.). When the trial court overruled appellant's objection to Norris's testimony, it impliedly found the testimony reliable.

Accordingly, we conclude that the trial court did not err by admitting any of the complained-of testimony. We resolve appellant's issue against him and affirm the trial court's judgment.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210276F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN JAMES MORRIS,
Appellant

No. 05-21-00276-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 072064.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered May 20, 2022